### 74195. HILL v. ADAMS et al.
#### (357 SE2d 300)

BEASLEY, Judge.

Hill directly appealed from dismissal of his petition, brought under OCGA § 19-7-22, to legitimate a minor child born to a woman during her marriage to another man. Unfortunately, we cannot reach the merits because he followed the wrong path for appellate review. "A legitimation proceeding is a type of domestic relations case" and an application for permission to appeal must be made in accordance with OCGA § 5-6-35 (a) (2). *Brown v. Williams*, 174 Ga. App. 604 (332 SE2d 48) (1985); *Noggle v. Arnold*, 177 Ga. App. 119 (338 SE2d 763) (1985).

This does not necessarily end the matter. Actually, the petition was premature, assuming Hill is the child's biological father, since the nature of such a proceeding is to legitimate an illegitimate child. In this case, the child had been adjudicated by the court in a divorce action to be the child of the mother's husband as a matter of law, thus establishing the child's legitimacy. That court had not permitted the jury to decide the issue but had acted on the motion of the husband for a directed verdict.

A proceeding under OCGA § 19-7-22 only lies with respect to "an illegitimate child," which in this case is one "who is the issue of adulterous intercourse of the wife during wedlock." OCGA § 19-7-23 (2). In the divorce action, the court had found as a matter of law that the child was the issue of the husband. It follows that the child was not, at the time Hill filed his petition, "an illegitimate child" in the eyes of the law but rather a legitimate child "born in wedlock." OCGA § 19-7-20 (a). But paternity and legitimacy are not the same thing.

Hill must first establish his paternity, which he may do by a proceeding pursuant to OCGA § 19-7-43 (a) (5). There he may bring in the HLA blood test results and all the evidence which he urges us establishes conclusively that he is the biological father. And unlike a legitimation proceeding, the child will have a guardian ad litem, by statutory command. OCGA § 19-7-44.

If the result of such a proceeding is "an order designating [Hill] as the father of the child," OCGA § 19-7-49, and thus establishing him as the biological father in the eyes of the law, the child will perforce be an illegitimate child. It is then that Hill, as the "father of an illegitimate child may render the same legitimate" by proceeding under OCGA § 19-7-22.

*Appeal dismissed. McMurray, P. J., concurs. Sognier, J., con-*

*curs in the judgment only.*

DECIDED MAY 12, 1987.

*Richard H. Bishoff*, for appellant.
*Richard T. Bridges, Bentley C. Adams III, George W. Adams*, for appellees.