## A95A0031. ALEXANDER v. GUTHRIE.
(454 SE2d 805)

ANDREWS, Judge.

Alexander appeals pro se from the order of the superior court denying his petition to legitimate a minor child and terminating his rights in the child.[1]

Alexander, who was incarcerated for child molestation offenses, filed a pro se petition to legitimate a minor child born out of wedlock after he was notified that Guthrie, the child's mother, had consented to the child's adoption by her spouse. Guthrie filed a responsive pleading objecting to the legitimation which included a request that the court terminate Alexander's rights in the child. After a hearing on

---

[1] Although an appeal from a denial of a petition to legitimate requires an application pursuant to OCGA § 5-6-35 (a) (2), a termination order is directly appealable. *Hill v. Adams*, 182 Ga. App. 848 (357 SE2d 300) (1987); *In re S. N. S.*, 182 Ga. App. 803 (357 SE2d 127) (1987).

the petition, at which Alexander appeared pro se, the superior court entered an order finding that Alexander had abandoned his opportunity interest in developing a relationship with the child and that it was not in the best interest of the child that Alexander's petition be granted. Accordingly, the court denied the petition to legitimate and ordered that any rights which Alexander had in the child were terminated.

On appeal, Alexander claims: (1) that the trial court erred by refusing to continue the hearing on the petition so he could attempt to obtain the services of an attorney to represent him; (2) that he was indigent and the court erred by not appointing counsel to represent him free of charge; and (3) that the trial court erroneously admitted irrelevant and prejudicial evidence at the hearing.

1. Since the appellate record does not contain a transcript of the proceedings in the trial court, we are unable to review Alexander's claims that the court erroneously refused to grant him a continuance and erroneously admitted certain evidence. An appellant who alleges error in the trial proceedings has the burden of producing a transcript of the allegedly erroneous matter. *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273, 274 (441 SE2d 684) (1994). In the absence of a transcript, we will assume the trial court did not err. Id. at 273.

Contrary to Alexander's contentions, even if he was indigent, he was not entitled to have an attorney appointed to represent him at public expense in the legitimation proceedings. Compare *Wilkins v. Ga. Dept. of Human Resources*, 255 Ga. 230 (337 SE2d 20) (1985). Neither was he entitled, as an indigent, to have a transcript of the legitimation proceedings prepared at public expense. *Quarterman v. Edwards*, 169 Ga. App. 300, 301 (312 SE2d 643) (1983); compare *Nix v. Dept. of Human Resources*, 236 Ga. 794 (225 SE2d 306) (1976). Alexander did not utilize the procedures set forth in OCGA § 5-6-41 (c), (d), and (g) for preparation of a transcript where a party is financially unable to pay the cost of reporting or transcribing.

The order of the superior court found that Alexander was the biological father of the minor child at issue who was born out of wedlock in 1986; that Alexander was aware that the mother was pregnant and was aware of the birth of the child; that he offered no prenatal assistance, gave no support for the child, and has never seen or communicated with the child. The court further found that Alexander was incarcerated in 1992 for various child molestation offenses and that his testimony that he did not know of the child until he received notice in 1994 was not credible. The court concluded that Alexander has abandoned his opportunity interest in developing a relationship with the child and that the legitimation sought by Alexander was not in the best interests of the child. See *In re Baby Girl Eason*, 257 Ga. 292 (358 SE2d 459) (1987). Under these circumstances, the superior

court did not abuse its discretion in determining that it was not in the best interest of the child to grant the petition for legitimation. *In the Matter of J. M. S.*, 257 Ga. 630 (362 SE2d 56) (1987).

2. The portion of the order terminating Alexander's rights in the child must be reversed because the superior court was without authority to enter such an order in this case. Guthrie's right to file responsive pleadings objecting to the petition to legitimate did not include a right to seek a termination of Alexander's rights in the legitimation proceeding. See *Adamavage v. Holloway*, 206 Ga. App. 156, 158 (424 SE2d 837) (1992); *In the Matter of J. M. S.*, supra. Under OCGA § 15-11-5 (a) (2) (C), the juvenile court has exclusive jurisdiction in any proceedings "[f]or the termination of the legal parent-child relationship, other than that in connection with adoption proceedings under Chapter 8 of Title 19, in which the superior courts shall have exclusive jurisdiction to terminate the legal parent-child relationship and the rights of the biological father who is not the legal father of the child." Accordingly, the superior court has jurisdiction to consider termination of the rights of a putative father only "in connection with adoption proceedings," which, under appropriate circumstances, has been held to include jurisdiction to consider a separately filed "petition for termination of the rights of a putative father of an illegitimate child specifically stat[ing] that it is in pursuance of the petitioners' prospective adoption of the child." *H. C. S. v. Grebel*, 253 Ga. 404, 406 (321 SE2d 321) (1984). Since the request for termination in this case was not "in connection with adoption proceedings" within the meaning of OCGA § 15-11-5 (a) (2) (C), the superior court was without jurisdiction to enter the order terminating Alexander's rights.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1995.

Joseph A. Alexander, Sr., *pro se.*
*Mary P. Evatt,* for appellee.