A95A0516. TURNER v. WRIGHT et al.
(457 SE2d 575)

BLACKBURN, Judge.

Jeffrey Scott Turner, an unwed father, appeals the trial court's determination that he abandoned his opportunity interest in his child and was unfit to be a parent. Turner filed the underlying petition for legitimation within one month after the child was born. The child's mother, Melanie Wright, and the prospective adoptive parents filed objections to such petition. We granted Turner's application for discretionary appeal to determine the impact of his incarceration for the entire life of the child on his petition for legitimation.

1. In *In re Baby Girl Eason,* 257 Ga. 292, 297 (358 SE2d 459) (1987), the Georgia Supreme Court held that unwed fathers possessed an opportunity interest to develop a relationship with their children which was protected by due process of law. "This opportunity interest begins at conception and endures probably throughout the minority of the child. But it is not indestructible. It may be lost. . . . It is, then, an interest which can be abandoned by the unwed father if not timely pursued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to becoming a father in a true relational sense as well as in a biological sense. Absent abandonment of his interest, a state may not deny a biological father a reasonable opportunity to establish a relationship with his child." Id. at 296.

The abandonment of an unwed father's opportunity interest discussed by the Supreme Court in *Eason,* is not governed by the abandonment of the child contemplated in OCGA § 19-8-6 (a). " 'The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. If he grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development.' [Cit.]" *Eason,* supra at

296.

The Supreme Court, in *Eason*, found that the opportunity interest began at conception. In the present case, after Turner was aware he was to be a father, he voluntarily committed criminal acts for which he is presently incarcerated. Turner's disregard of his opportunity interest during Wright's pregnancy is as significant as such a disregard after the child is born. See *In re Adoption of Baby E. A. W.*, 647 S2d 918 (Fla. App. 1994) (court found biological father effectively abandoned his child by his treatment of the mother during pregnancy).

Turner maintains that due to his incarceration shortly after the child was conceived he has been unable to pursue his commitment to becoming a father in any other way than filing his petition for legitimation. He readily admits that he provided no support for the child or for Wright while she was pregnant, but he claims that due to his incarceration, he had no money. He has had no personal or written contact with the child. Although Turner "has a constitutionally protected interest which cannot be denied him through state action," (*Eason*, supra at 297) his inability to pursue his commitment to establish a familial relationship with the child is not the result of state action, but the result of his own criminal actions.

Significantly, after Turner learned he was to become a father, he committed at least one violation of the Georgia Controlled Substances Act. Turner learned that Wright was pregnant with his child in November 1991. An indictment brought thereafter charged that on or about December 17, 1991, Turner committed two felony violations of the Georgia Controlled Substances Act, including the sale of marijuana and felony possession of marijuana, and the offense of fleeing and attempting to elude an officer. With respect to that indictment, Turner later pled guilty to felony possession of marijuana and the other charges were not prosecuted. His present incarceration began in December 1991. While incarcerated for possession of marijuana, on September 29, 1992, Turner pled guilty to felony theft by receiving stolen property, a crime which occurred on or about October 23, 1991. Turner was sentenced thereon to three years to serve in prison.

Georgia law is well settled that Turner cannot object to the natural consequences brought about by his own voluntary commission of criminal acts. *Chandler v. Cochran*, 247 Ga. 184, 187 (275 SE2d 23) (1981). Under the present facts, the trial court did not err in finding that Turner had abandoned his opportunity interest to develop a relationship with his child. Although, under *Eason*, the determination that Turner abandoned his interest was sufficient to end its inquiry, the trial court also found that Turner was an unfit parent.

2. The Supreme Court in *Eason*, held that if the unwed father "has not abandoned his opportunity interest, the standard which

must be used to determine his right to legitimate the child is his fitness as a parent to have custody of the child." Id. at 297. "In such a case, the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is unfit. . . . Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required." *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). See also *Doe v. Chambers*, 188 Ga. App. 879 (374 SE2d 758) (1988).

"The appropriate standard of appellate review in a case where a parent's rights to [his] child have been severed is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Punctuation omitted.) *In the Interest of J. D. D.*, 215 Ga. App. 68, 69 (449 SE2d 655) (1994).

A parent's felony conviction and imprisonment which has a demonstrable negative effect on the quality of the parent-child relationship and a parent's use or history of abuse of intoxicating liquors or drugs are among the factors that a trial court can consider in determining parental misconduct or inability to care for the child. OCGA § 15-11-81 (b) (4) (B). In the present case, the criminal behavior of Turner, presently age 28, began as a juvenile and includes the use of LSD, cocaine and marijuana, the commission of burglary, forgery, theft, interference with custody, probation violation, and a lengthy driving record including a habitual violator conviction for DUI. Turner has spent most of the last 11 years either on probation, on parole, or in jail or prison.

"Although imprisonment alone does not always compel a termination of parental rights, it will support such a ruling when adequate aggravating circumstances are shown to exist." (Citations and punctuation omitted.) *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344) (1992). Turner's present incarceration and his past record showing his inability to maintain a job and avoid criminal conduct supports the trial court's finding of unfitness. Such a finding is also supported by Turner's denial of an alcohol or drug problem despite evidence of such, and his failure to complete the recommended courses for dealing with such problems.

3. Turner's remaining enumerations of error are sufficiently addressed above and are also without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1995 —

Legitimation. Fayette Superior Court. Before Judge Miller.
Jeffrey S. Turner, *pro se.*
*Tarey B. Schell, Murphy & Sams, W. Fletcher Sams,* for appellees.