A98A0299. IN THE INTEREST OF D. S. P., a child.
(504 SE2d 211)

MCMURRAY, Presiding Judge.

This is an appeal by the biological father of D. S. P. from an order denying his petition to legitimate and terminating his parental rights in the child. The child was conceived in the fall of 1995 when the unwed parents engaged in sexual intercourse during their first or second date. By early December, the mother realized that she was pregnant and had told appellant that he was the father. During December, the couple spent substantial time together in an attempt to "work things out," but by the end of that month it was apparent to both that they were essentially incompatible.

Towards the end of December or early January 1996, appellant suddenly changed his residence, possibly due to some disruption in his employment situation, and the couple briefly lost contact but did speak by telephone during January. The evidence is in conflict as to whether it was before appellant's move or during the January telephone conversation that the mother informed appellant that there were three other possible fathers of the child. Appellant stated his desire to obtain a blood test to determine the paternity of the child but the mother was reluctant to cooperate. There was no further contact between the parents until approximately two months after the birth of the child when appellant initiated contact by appearing at the home of the mother's parents.

Meanwhile, the mother had made arrangements to place the child for adoption through a licensed adoption agency, Hope For Children, Inc. Indeed, the child left the hospital following birth with the proposed adoptive parents and has been in their care.

Appellant renewed his insistence on a blood test to determine paternity and a test was conducted. Hope For Children, Inc. filed a petition for termination of appellant's parental rights. Appellant filed a petition seeking to determine paternity and to legitimate the child. Subsequently, the results of a blood test showed that appellant is the biological father of the child. *Held:*

1. This case is properly before this Court on direct appeal. An order terminating parental rights is directly appealable. *In re S. N. S.*, 182 Ga. App. 803 (357 SE2d 127); *In the Interest of R. L. Y.*, 180 Ga. App. 559 (349 SE2d 800).

Appellee maintains that this is no more than an appeal from an order in a legitimation proceeding and thus subject to dismissal in the absence of compliance with the discretionary appeal procedure pursuant to OCGA § 5-6-35 (a) (2). See also *Hill v. Adams*, 182 Ga. App. 848 (357 SE2d 300); *Brown v. Williams*, 174 Ga. App. 604 (332 SE2d 48). However, appellee is incorrect. Even if the relief sought via this appeal has been expressed by appellant primarily in terms of overturning the denial of the petition to legitimate, that relief may not be granted without also reversing the termination of parental rights. See *Alexander v. Guthrie*, 216 Ga. App. 460 (454 SE2d 805).

2. "In *In re Baby Girl Eason*, 257 Ga. 292, 297 (358 SE2d 459) (1987), the Georgia Supreme Court held that unwed fathers possessed an opportunity interest to develop a relationship with their children which was protected by due process of law. 'This opportunity interest begins at conception and endures probably throughout the minority of the child. But it is not indestructible. It may be lost. . . . It is, then, an interest which can be abandoned by the unwed father if not timely pursued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to

becoming a father in a true relational sense as well as in a biological sense. Absent abandonment of his interest, a state may not deny a biological father a reasonable opportunity to establish a relationship with his child.' Id. at 296.

"The abandonment of an unwed father's opportunity interest discussed by the Supreme Court in *Eason*, is not governed by the abandonment of the child contemplated in OCGA § 19-8-6 (a). ' "The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. If he grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development." (Cit.)' *Eason*, supra at 296." *Turner v. Wright*, 217 Ga. App. 368 (1) (457 SE2d 575).

The superior court determined that appellant had abandoned his opportunity interest in the child via his conduct during the pregnancy when he offered no prenatal assistance or support of any kind for the child. Appellant's disregard of his opportunity interest during the mother's pregnancy is as significant as such a disregard after the child is born. *Turner v. Wright*, 217 Ga. App. 368, 369 (1), supra. See also *Alexander v. Guthrie*, 216 Ga. App. 460, 461 (1), supra.

In his first enumeration of error, appellant contends that the superior court erred in denying his petition to legitimate. Appellant argues that he did not abandon his opportunity interest and points to the doubt as to the paternity of the child and to the mother's actions in attempting to advance her goals for the child.

With regard to the doubtful paternity of the child, the superior court was able to consider appellant's actions, or lack of action, in the period of time after appellant learned of the pregnancy and before the mother told him of the additional possible fathers. During this period of time appellant refused to attend crisis counseling or otherwise provide emotional support to the mother. The mother was hospitalized and appellant provided no financial support as a result even though appellant was financially able to provide such support. Despite some time spent together, appellant and the mother never reached any mutual accord concerning the future of the child before they had a falling out. Shortly thereafter, appellant moved and communications between appellant and the mother ceased.

Furthermore, the superior court was authorized to consider appellant's conduct after he learned that paternity was in doubt. Assuming that this information warranted some circumspection on the part of appellant, a negative inference is nonetheless appropriate in view of the complete absence of communication with the mother from January until September 1996, and from appellant's continued failure to provide any emotional or financial support for the mother.

Despite knowing that the mother intended to have the child adopted and having voiced a desire for a blood test to determine paternity, appellant did nothing with regard to either of these issues until almost two months after the child's birth.

We find no merit in appellant's contention that the mother's actions in seeking adoption for the child, rather than deferring to his objections to adoption, and in failing to keep him informed as to her preparations for adoption, somehow excused his inaction in assuming any responsibility for the child. Had appellant made an effort to communicate with the mother following the January telephone call, he might have been better informed as to her progress in arranging an adoption.

Under the evidence presented at trial, the superior court did not err in determining that appellant had abandoned his opportunity interest to develop a relationship with the child. *In re Baby Girl Eason*, 257 Ga. 292, 297, supra; *Turner v. Wright*, 217 Ga. App. 368 (1), 369, supra; *Alexander v. Guthrie*, 216 Ga. App. 460, supra. In reaching this holding, we specifically reject appellant's argument that the *Turner* and *Alexander* cases, which were cited by the superior court in its order, may be distinguished on the facts. Contrary to appellant's argument, the reasoning upon which these cases are predicated may not be limited to cases involving fathers incarcerated due to criminal activities. The fathers in *Turner* and *Alexander* unsuccessfully sought to use their incarceration as an excuse for failing to assume any responsibility for their children. The appellant in the case sub judice was not incarcerated, but merely chose to disregard his opportunity to assume responsibility for the child during the pregnancy and for a time after the birth of the child. In each case, the finding that the opportunity interest has been abandoned is ultimately based on a voluntary choice made by the father.

3. The superior court did not err in allowing the proposed adoptive parents to testify regarding their living conditions with the child, their employment, and the child's state of mind. While appellant argues that such testimony is not relevant to the issue of whether appellant abandoned the child and suggests that the superior court used an improper standard of the best interest of the child in denying appellant's motion to legitimate, the evidence was properly admitted under a procedure to which appellant's counsel consented. Under the agreed procedure, appellee Hope For Children, Inc. was required to first present a prima facie case supporting the termination of appellant's parental rights. In the presentation of a prima facie case for termination of parental rights, appellee was required to prove that termination is in the best interest of the child. *In the Interest of H. L. W.*, 229 Ga. App. 264 (493 SE2d 637); *In the Interest of K. A. C.*, 229 Ga. App. 254, 255 (3) (493 SE2d 645); *In re J. E. E.*, 228 Ga. App. 831,

834-835 (2) (493 SE2d 34). The challenged evidence was relevant to the best interest of the child issue, but under the procedural agreement this was an issue properly before the superior court. "[O]ne cannot complain of a judgment, order, or ruling that [one's] own procedure or conduct procured or aided in causing, nor can [one] be heard to complain of or question on appeal a judgment which [one] invokes." *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 320 (2) (486 SE2d 851). Additionally, there is nothing of record to support appellant's argument that the superior court applied an incorrect standard of review in ruling on appellant's petition to legitimate.

4. Also enumerated as error is the superior court's "considering the testimony as to whether [appellant] had any contact with the adoptive parents inasmuch as their identity was confidential and in that his failure to communicate [with] the child was a result of state action through its adoption laws contrary to the *In re Baby Girl Eason*, 257 Ga. 292 (1987)." The argument in support of this enumeration of error is difficult to follow, but culminates in an assertion that the superior court erred in considering certain evidence on the issue of abandonment, and apparently this was further evidence to which appellant objected on the basis that it was irrelevant because directed to the best interest of the child issue rather than the issue of abandonment. As we have already determined in the preceding division of this opinion that the superior court did not err in admitting evidence relevant only to the issue of the best interest of the child, we further conclude that this enumeration of error lacks merit.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 22, 1998 —
RECONSIDERATION DENIED JULY 10, 1998 —

*Andrea R. Moldovan*, for appellant.
*Huff & Woods, Jeanne D. Woods*, for appellee.