## A01A0416. JONES v. SMITH.
### (552 SE2d 112)

POPE, Presiding Judge.

Kelly Smith, the biological father, filed a petition seeking to legitimate a child born on December 31, 1996, to his girlfriend, Lisa Jones. Following a bench trial the trial court granted Smith's petition. On August 3, 2000, we granted Jones' application for discretionary appeal. Jones' fifth enumeration of error is that the trial court failed to make adequate findings of fact and conclusions of law. We agree.

The law relevant to a legitimation petition presented by the putative biological father has been explained by the Supreme Court in *In re Baby Girl Eason*, 257 Ga. 292, 296 (358 SE2d 459) (1987). The court must initially determine whether the father has abandoned his opportunity interest to develop a relationship with the child. Id. Then, depending on the nature of the putative father's relationship with the child and other surrounding circumstances, the standard for evaluating whether legitimation is appropriate is either a test of his fitness as a parent or the best interest of the child. Id. at 296-297. See also *LaBrec v. Davis*, 243 Ga. App. 307, 312-316 (2) (534 SE2d 84) (2000), aff'd, *Davis v. LaBrec*, 274 Ga. 5 (549 SE2d 76) (2001). This decision is dependent on a variety of factors as spelled out in *Eason* and *LaBrec*.

The primary issues at trial were whether Smith had abandoned his opportunity interest in being the legal father of the child and whether legitimation was proper given Smith's background as a vio-

lent person, a convicted criminal with multiple convictions for aggravated assault, possession of marijuana with intent to distribute, and possession of a firearm by a convicted felon, and as a person with bad judgment who smoked marijuana and carried guns in the presence of the child. Indeed, the court acknowledged that "this fellow is an outlaw."

On April 10, 2000, in open court immediately following the close of evidence, the trial court announced that it was granting the petition for legitimation. On April 19, Jones moved for findings of fact and conclusions of law by the court pursuant to OCGA § 9-11-52 (c). Jones specifically requested factual findings "as to how the minor child in question in this case will benefit from being legitimated by the Plaintiff, Kelly Vann Smith, and why such legitimation is in the child's best interest." On April 25, the court issued its findings, which, not counting typical boilerplate recitations and provisions related to the ramifications of the decision, stated the following:

> The Court finds that there is an established parent-child relationship between Plaintiff and the child. There was no question of the child's paternity. There has been no abandonment or relinquishment of parental rights. The Plaintiff provided support for the mother during her pregnancy and continued to provide support, gift, and in-kind contributions for the child to date. The mother on behalf of the child receives a Social Security check by virtue of the Plaintiff's disability and Plaintiff has established and funded a C.D. and savings accounts in trust for the child. Therefore, G. M. S. (D.O.B. December 31, 1996) is hereby declared to be the legal and biological child of Plaintiff, Kelly Vann Smith.

Pretermitting the question of whether a request for findings made after oral announcement of a ruling but before entry of the written judgment constitutes a timely request for mandatory findings under OCGA § 9-11-52 (a),[1] we conclude that the findings issued by the court in response to Jones' request are deficient in several ways. They do not state which test will be used for assessing legitimation nor provide the factual support for that decision, and they do not contain findings of fact or conclusions of law to support a decision under either the best interest or parental fitness standard. As a

---

[1] Compare *Greene County v. North Shore Resort &c.*, 238 Ga. App. 236, 240 (2) (517 SE2d 553) (1999) (dicta stating that request made prior to *judgment or ruling* makes findings mandatory) and *Williams v. City of LaGrange*, 213 Ga. 241, 242 (1) (98 SE2d 617) (1957) (" 'What the judge orally declares is no judgment until it has been put in writing and entered as such.' ") with language of OCGA § 9-11-52 (a) ("upon request of any party made prior to such ruling. . . .").

result, we cannot determine the legal basis for the decision and are unable to address any of the substantive enumerations of error on appeal. *Zumpano Enterprises v. Ga. Tile Distrib.*, 200 Ga. App. 563, 564 (408 SE2d 813) (1991). See also *Gold Kist v. Wilson*, 220 Ga. App. 426, 428 (469 SE2d 504) (1996) (under certain circumstances it is an abuse of discretion for the trial court to fail to issue findings in response to a request under subsection (c)). Accordingly, we remand with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to pursue another appeal if he or she should wish to do so.

*Case remanded with direction. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 9, 2001.

*George M. Rountree*, for appellant.
*Holle Weiss-Friedman*, for appellee.