## A01A2333. SMITH v. SOLIGON.
(561 SE2d 850)

POPE, Presiding Judge.

William Christopher Smith appeals the superior court's order denying his petition to legitimate his biological son and granting Peter Paul Soligon's petition to adopt the child. For the following reasons, we affirm.

The relevant facts establish that the boy who is the subject of this appeal was born in July 1994; there is no dispute that his biological father is Smith. Smith and the child's mother never married. The child has lived with his mother since his birth. The child's mother married Soligon on October 9, 1999.

On October 17, 2000, Soligon filed a petition to adopt his stepson which was served on Smith on November 1, 2000. Attached to Soligon's petition was the mother's affidavit regarding the biological father, pursuant to OCGA § 19-8-26, and the parental consent to stepparent adoption, under OCGA § 19-8-6. Five days after being served with the adoption petition, on November 6, 2000, Smith filed a petition to legitimate the child.

On April 27, 2001, the superior court held a hearing on the petition to legitimate and on the adoption petition. Smith, Soligon and his wife, and both sides' attorneys were present for the hearing. After hearing evidence, the court made the following findings of fact. The court found that Smith had maintained contact with the child, particularly in the first few years of his life, but had failed to provide any significant emotional or monetary support for the child. Smith lived with the child and the child's mother until 1998 both in an apartment and in the home of the mother's father. Nevertheless, during that time Smith failed to provide any significant financial or emotional support for him. Between the child's move in 1998 and the filing of the adoption petition, Smith failed to pay any child support and had only mailed him a few gifts or cards. The court noted also that Smith "had a sporadic work history and also has a significant misdemeanor criminal record."

Significantly, the court found that Smith's last visit with the child had been in 1998. Smith had occasionally tried to telephone the child, but had not, the court concluded, established any familial bond. Smith had made no attempt to legitimate the child until he learned of Soligon's desire to adopt him. The court also noted that Smith had the opportunity to place his name on the child's birth certificate in the hospital following his birth, but did not do so. Smith had also failed to file with the Georgia Putative Father's Registry.

The court then stated that Smith had "failed, without justifiable cause, to make a meaningful effort to develop and/or maintain a rela-

tionship" with the child; that "he does not have a genuine interest in consistently maintaining a meaningful relationship with this child"; and that he had failed to meet his parental obligations and duties with respect to this child.

Accordingly, the court denied the petition to legitimate, finding that Smith had abandoned the child and that it was in the child's best interest that the petition be denied. The court concluded that it was in the child's best interest to allow the adoption by Soligon, and thus, it granted his adoption petition.

1. Soligon has moved this court to dismiss Smith's appeal due to his failure to follow the discretionary appeal procedure under OCGA § 5-6-35 (a) (2). Contrary to Soligon's assertions, however, this court has jurisdiction. See generally *In the Interest of D. S. P.*, 233 Ga. App. 346, 347 (1) (504 SE2d 211) (1998); see also *Alexander v. Guthrie*, 216 Ga. App. 460, n. 1 (454 SE2d 805) (1995).

2. Before turning to the merits of the case, we note that while Smith asserts eight separate enumerations of error, he does not subdivide his argument to support the separate enumerations. Accordingly, we will broadly group his enumerations of error and address the broad contentions.

Smith claims that the denial of his petition to legitimate was an abuse of discretion, was not supported by the evidence, was contrary to OCGA § 19-7-22, and was not in the child's best interest. We reject these arguments.

OCGA § 19-7-22 sets forth the procedure for legitimation. In subsection (g), the statute provides that after the issue of paternity is resolved, the court may enter an order: "legitimating a child born out of wedlock, provided that such is in the best interest of the child."

In *Jones v. Smith*, 250 Ga. App. 486 (552 SE2d 112) (2001), this court addressed the standards applicable to legitimation proceedings, finding:

> The law relevant to a legitimation petition presented by the putative biological father has been explained by the Supreme Court in *In re Baby Girl Eason*, 257 Ga. 292, 296 [(1)] (358 SE2d 459) (1987). The court must initially determine whether the father has abandoned his opportunity interest to develop a relationship with the child. Id. Then, depending on the nature of the putative father's relationship with the child and other surrounding circumstances, the standard for evaluating whether legitimation is appropriate is either a test of his fitness as a parent or the best interest of the child. Id. at 296-297. See also *LaBrec v. Davis*, 243 Ga. App. 307, 312-316 (2) (534 SE2d 84) (2000), aff'd, *Davis v. LaBrec*, 274 Ga. 5 (549 SE2d 76) (2001). This decision is

dependent on a variety of factors as spelled out in *Eason* and *LaBrec*.

*Jones v. Smith*, 250 Ga. App. at 486.

With respect to the biological father's opportunity interest, our Supreme Court stated in *Eason*:

> unwed fathers gain from their biological connection with a child an opportunity interest to develop a relationship with their children which is constitutionally protected. This opportunity interest begins at conception and endures probably throughout the minority of the child. But it is not indestructible. It may be lost. . . . It is, then, an interest which can be abandoned by the unwed father if not timely pursued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to becoming a father in a true relational sense as well as in a biological sense.

257 Ga. at 296 (1).

Given the evidence presented below, we find no error in the trial court's determination that, in effect, Smith had abandoned his opportunity interest to develop a relationship with the child.[1] *Eason*, 257 Ga. at 297; *Turner v. Wright*, 217 Ga. App. 368, 369 (1) (457 SE2d 575) (1995).

Moreover, the record also supports the court's conclusion that it was not in the child's best interest to grant Smith's petition.[2] See generally *Ghrist v. Fricks*, 219 Ga. App. 415, 419-420 (1) (465 SE2d 501) (1995). Thus, we find no error in this further determination.

3. Smith also argues that Soligon's petition for adoption was improperly brought, that the petition for adoption should have been denied, and that the court improperly terminated his parental rights. We also reject these arguments.

First, Smith has not shown the manner in which he was harmed by his claim that the adoption petition was improperly brought, and we reject this argument. Secondly, after his petition to legitimate was denied, under OCGA § 19-8-12 (f) (3), Smith lost all of his rights

---

[1] Although the court did not use the term "opportunity interest," it conducted a rigorous inquiry into that subject as required by *Eason* and *LaBrec*. The court's failure to use this terminology, therefore, is not critical.

[2] Under *Eason*, the court's determination that Smith abandoned his opportunity interest was sufficient to end its inquiry regarding the petition to legitimate. See *Turner v. Wright*, 217 Ga. App. at 369. Nevertheless, the court's more rigorous inquiry was *more* protective of Smith's rights and, as such, was only beneficial to him.

to the child and was not entitled to object to the adoption. Subsection (f) specifically provides:

> A biological father who is not the legal father loses all rights to the child and the court shall enter an order terminating all such father's rights to the child and such father may not thereafter object to the adoption and is not entitled to receive further notice of the adoption if within 30 days from his receipt of the notice provided for in subsection (b) of this Code section he: (1) Does not file a legitimation petition and give notice as required in subsection (c) of this Code section; (2) Files a legitimation petition which is subsequently dismissed for failure to prosecute; or (3) Files a legitimation petition and the action is subsequently concluded without a court order declaring a finding that he is the father of the child.

Subsection (f) (3) pertains to the instant case because Smith received notice of the proceeding and within 30 days filed his petition to legitimate. Accordingly, we reject Smith's arguments relating to the termination of his parental rights and to the adoption.

Because this case involves the denial of the biological father's petition to legitimate and squarely invokes the provisions of OCGA § 19-8-12 (f) (3), we are not directly confronted with the provisions regarding a *legal* parent's rights in connection with a stepparent adoption, OCGA § 19-8-6 (a).[3] In this regard, see *Cowdell v. Doe*, 225 Ga. App. 97 (483 SE2d 347) (1997); see also *Spires v. Tarleton*, 225 Ga. App. 117 (483 SE2d 337) (1997). Nevertheless, we note that our Supreme Court has granted certiorari in *In re C. N. W.* (Case No. S01C0381), to address the question of whether a biological father who is not the "legal father" of a child within the meaning of OCGA § 19-8-1 (6) is a "parent" within the meaning of OCGA § 19-8-1 (8).

4. Finally, we reject Smith's argument regarding the absence at trial of a psychologist Soligon had consulted.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2002 — 

*Joyce D. Colmar*, for appellant.

---

[3] Furthermore, because of the specific statutory provisions of OCGA § 19-8-12, the provisions regarding juvenile proceedings of OCGA § 15-11-94 (formerly OCGA § 15-11-81) are not involved. See *In the Interest of S. L. H.*, 247 Ga. App. 594 (544 SE2d 518) (2001).

*Claiborne, Outman & Surmay, James B. Outman, Barbara B. Bishop,* for appellee.