A02A2383. IN THE INTEREST OF C. M. L.
(580 SE2d 276)

PHIPPS, Judge.

With one notice of appeal,[1] David Hill seeks to directly appeal from orders entered below in two separate civil actions. He chal-

---

[1] Inexplicably, the notice of appeal was styled in the interest of the stepfather, rather than in the interest of the child.

lenges an order that denied his petition to legitimate C. J. C. in one case, and he challenges orders in another case that terminated his parental rights to the child and granted the adoption petition of the child's stepfather, C. M. L. Although Hill should have filed a notice of appeal for each case, in the interest of judicial economy, we will treat the notice as having been filed in each. We do not have jurisdiction to review Hill's legitimation case. Hill's contentions regarding the other case essentially challenge the propriety of the denial of his legitimation petition, which we cannot address. Accordingly, we affirm.

1. Hill failed to comply with the discretionary procedures to appeal from an order denying a legitimation petition as required by OCGA § 5-6-35 (a) (2).[2] Failure to follow the discretionary procedures when required deprives this court of jurisdiction.[3] Hill's appeal as it relates to the legitimation order is dismissed for lack of jurisdiction.[4] Furthermore, the record shows that the period for a timely discretionary application to review the order denying Hill's legitimation petition, entered January 29, 2002, nunc pro tunc to January 18, 2002, has expired.[5]

2. We turn to Hill's appeal from the termination order and the adoption decree. The record shows that C. J. C. was born in December 1993 to an unwed mother who later married. On November 13, 2001, C. J. C.'s stepfather filed a petition to adopt him pursuant to OCGA § 19-8-1 et seq. C. J. C.'s mother consented to the adoption and, in an affidavit, named Hill as the child's biological father. She further averred that she had never married Hill and that Hill had not been determined to be C. J. C.'s father by a final paternity order of a court, had made no attempt to legitimate the child, had not lived with him, and had not contributed to his support. Along with the adoption petition, C. J. C.'s stepfather filed a motion to terminate Hill's rights to the child.

Hill was personally served with the adoption petition, the mother's affidavit, and motion for termination of parental rights on November 16, 2001. As a separate civil action, on December 7, 2001, he filed a petition to legitimate C. J. C.

The court held a hearing on December 11 for the parties to show cause why the court should not terminate Hill's parental rights. The court also held a hearing on January 18, 2002, for the parties to show cause why the court should not grant the adoption petition. On January 29, the court entered orders terminating Hill's parental rights and granting the adoption.

---

[2] *Brown v. Williams*, 174 Ga. App. 604 (332 SE2d 48) (1985).

[3] See id.

[4] Id. A direct appeal would have been authorized if the legitimation case had also involved a directly appealable judgment. See OCGA § 5-6-34 (d); *In the Interest of D. S. P.*, 233 Ga. App. 346 (504 SE2d 211) (1998).

[5] See OCGA § 5-6-35 (d).

Hill contends that the trial court improperly entered those orders because he was not afforded a hearing on his legitimation petition. That argument essentially challenges the propriety of the denial of his legitimation petition. However, for reasons outlined in Division 1, supra, we cannot reach the merits of any such challenge to the order denying Hill's legitimation petition.

Notably, in its order terminating Hill's parental rights, the court expressly stated that it had considered Hill's then-outstanding legitimation petition.[6] It also stated that Hill and his counsel had been present at the December 11 termination hearing, at which time Hill had admitted that he had been sexually intimate with C. J. C.'s mother and knew that she had a child. Nonetheless, he denied having any reason to think he was the child's father. In addition, the court noted that at the conclusion of the termination hearing, it had invited Hill to prepare a letter brief to set out more fully any objection to the motion to terminate, but Hill did not do so. Finally, Hill did not provide a transcript of any of the hearings as part of the appellate record, and we presume that a trial court's order is supported by those parts of the record excluded from the record on appeal.[7]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 21, 2003.

*Manheim & Manheim, Alan C. Manheim,* for appellant.
*Russell & Mingledorff, Currie M. Mingledorff II,* for appellee.

---

[6] The legitimation case and the adoption case were before the same judge.

[7] *Battaglia v. Duke,* 230 Ga. App. 667, 670 (1) (497 SE2d 250) (1998); see *Alexander v. Guthrie,* 216 Ga. App. 460, 461 (1) (454 SE2d 805) (1995) (an appellant who alleges error in the trial proceedings has the burden of producing a transcript of the allegedly erroneous matter).