## A04A0999. BISHER v. JONES.
### (599 SE2d 324)

PHIPPS, Judge.

Allison Bisher and Randy Jones were divorced by a court decree that incorporated a settlement agreement of the parties. The divorce decree awarded Bisher and Jones joint legal and physical custody of their minor child. Bisher later brought this action against Jones for modification of the child custody and support provisions of the decree. The superior court referred the matter to the juvenile court for resolution of child custody issues. The juvenile court granted Bisher's request for child custody modification by awarding her exclusive physical custody of the child. After conducting an untranscribed hearing, the superior court denied Bisher's request for modification of the divorce decree. We granted Bisher's application for discretionary appeal and reverse in part.

As found by the juvenile court, Jones is disabled from gainful employment due to a degenerative disc disease; and he has begun to take excessive amounts of narcotic pain relievers, thereby endangering the child. In her pleadings below, Bisher sought an award of child support if she were granted sole physical custody. She also sought deletion of a provision of the divorce decree requiring her to deliver to Jones monthly Social Security checks intended for the benefit of the child, on the ground that such an arrangement violates federal law.

1. Bisher contends that the superior court erred in refusing to award her child support. As argued by Jones, however, the absence of a transcript of the hearing before the superior court requires us to assume that the court did not err in that regard.[1]

2. Bisher next contends that the court erred in refusing to delete the provision of the divorce decree requiring her to deliver to Jones Social Security payments received for the benefit of the child.

The absence of a transcript of the evidence and proceedings does not bar review of this claim of error, as the record shows without dispute that there is such a provision in the divorce decree; federal law does generally require a payee of Social Security benefits for children to expend the funds only for the use and benefit of the child;[2] and Jones does not dispute Bisher's claim that the divorce decree does not require him to pay child support. The superior court, therefore, erred in not excising this provision from the decree.

Jones argues that Bisher cannot contest the legality of this provision because she consented to it in the settlement agreement. There is no merit in this argument, as the right to receive the benefit of the Social Security payment belongs to the child. Jones also argues that state courts lack jurisdiction over matters involving federal law. This argument too is without merit, as state courts have presumptive jurisdiction over federal claims.[3]

*Judgment affirmed in part and reversed in part. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 12, 2004.

Allison R. Bisher, *pro se.*
Celia L. Murray, for appellee.

---

[1] See generally *Alexander v. Guthrie*, 216 Ga. App. 460, 461 (1) (454 SE2d 805) (1995).

[2] See *Washington State Dept. of Social & Health Svcs. v. Guardianship Estate of Keffeler*, 537 U. S. 371 (123 SC 1017, 154 LE2d 972) (2003).

[3] *Collins v. Dept. of Transp.*, 208 Ga. App. 53, 54-55 (429 SE2d 707) (1993).