## A05A0395. HARRIS v. TRUNDLE.
(610 SE2d 683)

BLACKBURN, Presiding Judge.

Margarette E. Harris appeals the order of the superior court determining post-judgment interest due her, arguing that the trial court abused its discretion in establishing the date of an unconditional tender to satisfy the judgment. For the reasons which follow, we affirm.

On March 5, 2004, Harris obtained a judgment against Jesse E. Trundle "in the total sum of Two Hundred Thirty Thousand Dollars ($230,000.00), plus court costs of Eighty-five dollars ($85.00), plus the legal rate of interest as of the date of Judgment." Trundle maintains that he made an unconditional tender in full satisfaction of the judgment on March 29, 2004. Harris disputes this, contending that the judgment has not yet been satisfied and that she is owed additional amounts in post-judgment interest.

The trial court held an evidentiary hearing on the issue of post-judgment interest due Harris and determined that Trundle made an unconditional tender to satisfy the judgment against him on March 29, 2004. There is no transcript of the evidentiary hearing. In the absence of a transcript of the hearing before the superior court, we are required to assume that the court did not err in its factual determination of the date of unconditional tender by Trundle. *Bisher v. Jones*.[1]

We also note that Trundle has supplemented the record with a copy of a satisfaction of judgment, filed by Harris on September 17, 2004, which acknowledges that Trundle has satisfied his obligations under the judgment. Trundle's satisfaction of the judgment renders moot the issue of when and whether an unconditional tender in full satisfaction of the judgment was made. *Imperial Body Works v. Nat. Claims Svc.*[2]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 22, 2005.

*David T. Blackburn*, for appellant.
*Cowan, Plumley & Bucci, Robert A. Cowan*, for appellee.

---

[1] *Bisher v. Jones*, 267 Ga. App. 389, 390 (1) (599 SE2d 324) (2004).
[2] *Imperial Body Works v. Nat. Claims Svc.*, 158 Ga. App. 241, 243 (2) (279 SE2d 534) (1981).