637 S.E.2d 446 (2006)
In the Interest of J.L.E., a child.
No. A06A2221.
Court of Appeals of Georgia.
October 5, 2006.
*447 Meng Huey Lim, Buchanan, for Appellant.
Thurbert E. Baker, Shalen S. Nelson, Senior Assistant Attorney General, Evan L. Stapler, Bremen, for Appellee.
BERNES, Judge.
The Juvenile Court of Haralson County denied a petition by the putative father of J.L.E. to legitimate the child and then terminated the father's parental rights for lack of standing. The father appeals from the juvenile court's subsequent order denying his motion for a new trial. We affirm for the reasons set forth below.
Viewed in the light most favorable to the juvenile court's findings, the evidence presented at the legitimation hearing reflects that J.L.E. was born on April 26, 2004 to unwed parents. Appellant is the putative biological father of J.L.E.
In October 2004, J.L.E. came into the custody of the Haralson County Department of Family and Children Services ("DFCS"). Soon after J.L.E. came into care, a DFCS case worker advised appellant that he was not the child's legal father and informed him about the legitimation process.
In January 2005, appellant was arrested on a probation violation, which resulted in the reinstatement of a ten-year prison sentence. Prior to his arrest, appellant had visited J.L.E. twice while he was in DFCS custody and had not filed a legitimation petition.
In May 2005, DFCS filed a petition to terminate the parental rights of appellant and the mother of J.L.E. in the Juvenile Court of Haralson County. On September 30, 2005, appellant for the first time filed his petition to legitimate J.L.E. in the Superior Court of Haralson County. The superior court transferred the case to the juvenile court, which thereafter heard appellant's legitimation petition and DFCS's termination petition in consecutive hearings conducted on the same date.
After hearing all the evidence, the juvenile court concluded that appellant abandoned his opportunity interest to develop a relationship with J.L.E. and, consequently, denied appellant's petition to legitimate J.L.E. In a separate order, the juvenile court granted DFCS's petition to terminate appellant's parental rights after concluding that appellant lacked standing to challenge the termination as a result of his failure to properly legitimate J.L.E. Appellant subsequently filed a motion for new trial challenging both of the juvenile court's orders. The juvenile court denied appellant's motion.
Appellant contends that the juvenile court erred in denying his motion for new trial. Specifically, he contends that the juvenile court improperly denied his legitimation petition on the ground that he had abandoned his opportunity interest to develop a relationship with J.L.E. We disagree.
In ruling on a legitimation petition presented by a putative biological father, the juvenile court "must initially determine whether the father has abandoned his opportunity interest to develop a relationship with the child." (Citation omitted.) Smith v. Soligon, 254 Ga.App. 172, 173(2), 561 S.E.2d 850 (2002). See In Matter of Baby Girl Eason, 257 Ga. 292, 296(1), 358 S.E.2d 459 (1987). If the juvenile court concludes that the father has abandoned his opportunity interest, this is sufficient to end the court's inquiry and justifies the denial of the legitimation petition. Turner v. Wright, 217 Ga. App. 368, 369(1), 457 S.E.2d 575 (1995).
*448 Appellant contends that the juvenile court erred in holding that his delay in instituting legitimation proceedings justified a finding that he had abandoned his opportunity interest. See In Matter of Baby Girl Eason, 257 Ga. at 296(1), 358 S.E.2d 459 (putative father's opportunity interest can be abandoned "if not timely pursued"). In support of his contention, appellant argues that the delay was not unreasonable because he was waiting for genetic testing of J.L.E. to be completed by DFCS. But, obtaining the results of genetic testing is not a condition precedent to filing a legitimation petition. See generally OCGA § 19-7-22. Even if DFCS was delaying the testing of the child, appellant could have filed his legitimation petition and then sought court-ordered genetic testing. See OCGA §§ 19-7-43(d); 19-7-45. And, a DFCS case worker testified at the legitimation hearing that she advised appellant about the legitimation process shortly after J.L.E. came into DFCS care in October 2004. Thus, we are unpersuaded by appellant's contention that the delay in filing his petition was reasonable.
In any event, appellant's delay in filing his petition was not the primary evidence upon which the juvenile court relied. The evidence presented at the legitimation hearing also shows that although appellant had some contact with J.L.E. while the child was an infant, appellant visited the child only twice after he was taken into DFCS custody, and appellant has not seen J.L.E. since the child was approximately eight months old. Furthermore, appellant is currently prevented from developing a meaningful relationship with J.L.E. because of his incarceration, which will continue for a substantial part of the child's minority. This evidence, standing alone, sufficiently supported the juvenile court's finding that appellant had abandoned his opportunity interest in developing a relationship with J.L.E. See Turner, 217 Ga.App. at 368-369(1), 457 S.E.2d 575 (father who was incarcerated due to voluntary commission of criminal acts abandoned his opportunity interest to develop a relationship with his child); Alexander v. Guthrie, 216 Ga.App. 460, 461-462(1), 454 S.E.2d 805 (1995) (lack of communication and contact with child, combined with father's incarceration, supported finding that father had abandoned his opportunity interest). As such, the juvenile court did not err in denying appellant's legitimation petition or in declining to award him a new trial on the petition.
Nor was appellant entitled to a new trial on the termination petition filed by DFCS. Because appellant failed to legitimate J.L.E., he lacked standing to challenge the termination of his parental rights. See OCGA § 15-11-96(i)(3); In the Interest of D.W., 264 Ga.App. 833, 834-835(1), 592 S.E.2d 679 (2003).
Judgment affirmed.
ANDREWS, P.J., and BARNES, J., concur.