A07A1424. IN THE INTEREST OF L. S. T., a child.
(649 SE2d 841)

MILLER, Judge.

The biological father of L. S. T. appeals from a juvenile court's orders denying his petition to legitimate the child and terminating his parental rights, as well as those of the child's mother.[1] The appellant claims that there was insufficient evidence to deny his petition for legitimation and to terminate his parental rights. For the reasons set forth below, we affirm.

On appeal of an order denying a petition to legitimate and terminating parental rights, the evidence must be viewed in the light most favorable to the juvenile court's ruling to determine if any rational trier of fact could have found, by clear and convincing evidence, that the petition to legitimate should have been denied and that the parental rights should have been terminated. See *In the Interest of S. H.*, 251 Ga. App. 555 (1) (553 SE2d 849) (2001). This Court does not "weigh the evidence or determine the credibility of witnesses, and we must defer to the juvenile court's findings of fact if supported by the evidence." *In the Interest of M. D. B.*, 262 Ga. App. 796 (586 SE2d 700) (2003).

So viewed, the record shows that on March 29, 2004, the Chatham County Department of Family and Children Services (the "Department") received a report that three-month-old L. S. T. and her twenty-month-old half-sister were living without proper parental care. The Department opened a child protective services case, paid the family's rent, obtained furniture, set up food stamps, and provided transportation services. L. S. T.'s father was incarcerated from March 2004 until July 30, 2004. On August 19, 2004 a police officer found the family residence to be so dirty as to be unfit for children, and on August 25, 2004, following a hearing, the juvenile court placed the children in temporary custody of the Department. On September 9, 2004, following another hearing, the juvenile court found that the children were deprived, and such ruling was not appealed.

In October 2004, L. S. T.'s father was again incarcerated after being sentenced to serve 108 months in federal prison for possession of firearms by a convicted felon. On December 14, 2005, the Department filed a petition to terminate the father's parental rights and advised him that he would lose all parental rights to L. S. T. if he failed to file a petition to legitimate within 30 days. On February 15, 2006, the father filed a petition to legitimate L. S. T. Following numerous

---

[1] L. S. T.'s mother did not appeal the termination order and is not a party to this appeal.

hearings, the juvenile court denied the petition to legitimate and terminated the parental rights of appellant as well as of L. S. T.'s mother.

1. L. S. T.'s father contends that the juvenile court erred in finding that there was sufficient evidence to deny his petition to legitimate. We disagree.

In ruling on a legitimation petition presented by a biological father, the juvenile court "must initially determine whether the father has abandoned his opportunity interest to develop a relationship with the child." (Citation omitted.) *Smith v. Soligon*, 254 Ga. App. 172, 173 (2) (561 SE2d 850) (2002). If the juvenile court concludes that the father has abandoned his opportunity interest, that finding is sufficient to end the court's inquiry and justifies the denial of the legitimation petition. *Turner v. Wright*, 217 Ga. App. 368, 369 (1) (457 SE2d 575) (1995); see also *Smith*, supra, 254 Ga. App. at 174 (2) (trial court's failure to use the term "opportunity interest" is not critical so long as it conducts a rigorous inquiry into that subject).

Here, the evidence showed that the father initially refused to take a DNA test to establish paternity, was hostile toward L. S. T.'s caseworker during the meeting in which she attempted to outline a reunification plan, waited over two years after L. S. T.'s birth to file a legitimation petition, never visited the child and apparently spoke to her only once on the telephone after she was placed in foster care, and failed to provide financial support for the child. Such evidence was sufficient to allow the juvenile court to determine that the father had abandoned his opportunity interest to develop a relationship with L. S. T. See *In re Baby Girl Eason*, 257 Ga. 292, 296 (1) (358 SE2d 459) (1987) (putative father's opportunity interest can be abandoned "if not timely pursued"); *Alexander v. Guthrie*, 216 Ga. App. 460, 461-462 (1) (454 SE2d 805) (1995) (lack of communication and contact with child, combined with father's incarceration due to voluntary commission of criminal acts, supported finding that father had abandoned his opportunity interest).

2. The father also claims that the juvenile court erred in finding that there was sufficient evidence to terminate his parental rights. Given the father's failure to legitimate L. S. T., however, he lacks standing to challenge such termination. See OCGA § 15-11-96 (i) (3); *In the Interest of J. L. E.*, 281 Ga. App. 805, 807 (637 SE2d 446) (2006) ("[b]ecause appellant failed to legitimate [the child], he lacked standing to challenge the termination of his parental rights") (citations omitted).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JULY 16, 2007.

*Richard C. Metz*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Beckmann & Lewis, Leo G. Beckmann, Jr.*, for appellee.