## A08A0207. BINNS v. FAIRNOT.
(665 SE2d 36)

RUFFIN, Presiding Judge.

Lennox Binns filed a petition to legitimate his child and seeking visitation rights. The child's mother, Malinda Fairnot, objected to legitimation.[1] The trial court denied the petition, finding that the father abandoned his opportunity interest to develop a relationship with the child. We granted Binns' application for discretionary appeal and, for reasons that follow, reverse and remand.

In ruling on a petition to legitimate a child, the trial court must first determine whether the biological father has abandoned his opportunity interest to develop a relationship with the child.[2] "Then, depending on the nature of the [biological] father's relationship with the child and other surrounding circumstances, the standard for

---

[1] The mother subsequently remarried and now goes by the surname Culver. For the sake of clarity, however, we refer to her as Fairnot.

[2] See *Jones v. Smith*, 250 Ga. App. 486 (552 SE2d 112) (2001).

evaluating whether legitimation is appropriate is either a test of his fitness as a parent or the best interest of the child."[3] We review a trial court's ruling on a legitimation petition for abuse of discretion.[4]

The evidence shows that Binns and Fairnot were engaged in a three-year relationship during which Fairnot became pregnant. She gave birth to a daughter in July 2003. Initially, Binns was involved in the infant's life. He purchased items for the child's use, including a rocking chair, a stroller, and a car seat. He visited the child on weekends, and Binns' mother came to Georgia to watch the child in September and October 2003 when Fairnot returned to work. Binns also took the child for overnight stays during which he would change the child's diaper and prepare formula. At one point, Binns apparently questioned his paternity and refused to sign the birth certificate until his paternity was established. From that point forward, Binns has paid child support.

According to Fairnot, the situation changed in August 2004 when Binns unilaterally stopped visiting the child. She claimed she was given no reason for Binns' change of heart, but she speculated that it stemmed from her refusal to allow Binns to take the child to Jamaica to visit his relatives. Binns, on the other hand, testified that Fairnot began using the child against him when it became apparent that he did not want to continue the relationship. Although Binns claimed that Fairnot changed her phone number and address, she testified otherwise, and the trial court found Binns' testimony to be incredible. In September 2004, Fairnot began a relationship with Kendrick Culver, and the two were married in January 2005.

In January 2005, Fairnot — who serves in the military — was deployed to Iraq where she remained for one year. During this time, her child resided with her mother in a suburb of Miami, Florida. Fairnot admittedly did not tell Binns that his child was temporarily relocating to Miami. When Fairnot returned from duty, she and her husband obtained a new residence in Georgia. Again, Fairnot did not notify Binns of the child's return to Georgia or provide an address or phone number. However, Fairnot testified that her address and phone number are in the phone book.

In January 2007, Binns filed a legitimation petition. According to Binns, the delay in filing the petition stemmed from his inability to afford an attorney. Following a hearing, the trial court denied the petition, finding that Binns' lack of contact with the child from August 2004 constituted abandonment. This appeal ensued.

---

[3] Id.

[4] See Carden v. Warren, 269 Ga. App. 275, 276 (1) (a) (603 SE2d 769) (2004).

As our Supreme Court has found, a biological father is afforded an opportunity to develop a relationship with his offspring.[5] If the father

> grasps that opportunity and accepts some measure of re-sponsibility for the child's future, he may enjoy the bless-ings of the parent-child relationship and make uniquely valuable contributions to the child's development. . . . [U]n-wed fathers gain from their biological connection with a child an opportunity interest to develop a relationship with their children which is constitutionally protected. This opportunity interest begins at conception and endures prob-ably throughout the minority of the child. But it is not indestructible. It may be lost. . . . It is . . . an interest which can be abandoned by the unwed father if not timely pur-sued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to becoming a father in a true relational sense as well as in a biological sense. Absent abandonment of his interest, a state may not deny a biological father a reasonable oppor-tunity to establish a relationship with his child.[6]

We are presented here with an issue of first impression: can a father who has fully paid child support and demonstrated at least some interest in developing a relationship with his child be deemed to have legally abandoned that child? Here, the trial court focused on what Binns did not do. Namely, he did not contact the child after August 2004. However, it is undisputed that during a year of this time, the child resided in Miami and that, after her return to Georgia, Fairnot did not apprise Binns of the child's whereabouts. The trial court apparently faulted the father for failing to do more to locate and/or contact the child during this time.[7] Pretermitting whether the father could have done more, the evidence does not support a finding that he has done so little as to constitute abandon-ment. In particular, Binns' constant payment of financial support coupled with his avowed interest in establishing and maintaining a relationship with the child mitigate against a finding of abandon-ment, and the trial court abused its discretion in holding otherwise.[8]

---

[5] See *In re Baby Girl Eason*, 257 Ga. 292, 296 (1) (358 SE2d 459) (1987).

[6] (Punctuation omitted.) Id.

[7] Although Binns claimed he did not know the number and was unable to find the grandmother's house despite driving to Miami to look for it, the trial court found this testimony incredible.

[8] See *Bowers v. Pearson*, 271 Ga. App. 266, 270-271 (609 SE2d 174) (2005).

We note, however, that in finding that Binns abandoned his opportunity interest, the trial court failed to ascertain whether legitimation was in the child's best interest.[9] Accordingly, we reverse the ruling of the trial court and remand for its determination with regard to the second prong of the legitimation inquiry.[10]

*Judgment reversed and case remanded. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 27, 2008 — 

*John E. Pirkle*, for appellant.
*Dubberly & McGovern, B. Daniel Dubberly III*, for appellee.

---

[9] See *Jones*, supra.
[10] See *In the Interest of M. K.*, 288 Ga. App. 71, 74 (2) (653 SE2d 354) (2007); *Bowers*, supra at 271.