# Court of Appeals
# of the State of Georgia

ATLANTA, May 18, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1307. ROBBIE A. COOK v. KENT CHARLES STEWART.

Robbie A. Cook and Kent Charles Stewart divorced in 2009. The final order and decree of divorce, which was entered by the Superior Court of Habersham County, incorporated a settlement agreement. That settlement agreement contemplated certain ongoing obligations between the parties respecting McGahee Griffin Funeral Homes, Inc. d/b/a McGahee-Griffin Stewart Funeral Home ("the Funeral Home"). Stewart sought to enforce those obligations by filing a Complaint for Contempt in Habersham County Superior Court. Cook moved to dismiss the complaint, arguing that a pending action she and the Funeral Home had filed in Hall County asserting claims for declaratory judgment, breach of contract, and unjust enrichment, barred Stewart's complaint. The trial court denied the motion to dismiss, finding that pursuant to Georgia law and the terms of the parties' divorce decree, Habersham County had exclusive jurisdiction over any action for contempt arising out of the divorce decree. The court also entered a separate order granting Stewart's request for relief and finding Cook in contempt. Cook then filed this direct appeal from the trial court's order of dismissal.[1] Stewart has moved to dismiss the appeal, arguing that we lack jurisdiction. We agree.

Appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. OCGA §

---

[1] According to the notice of appeal, Cook has also sought review of the contempt order by filing an application for a discretionary appeal in the Georgia Supreme Court.

5-6-35 (a) (2). And "where, as here, the underlying subject matter of a lawsuit relates to such rights and obligations [created by an incorporated settlement agreement], and the parties are the ex-spouses . . . the case involves domestic relations and compliance with OCGA § 5-6-35 is the exclusive means by which to appeal the final order in the action." *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). See also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal"). The "[f]ailure to follow the discretionary procedures when required deprives this court of jurisdiction." *In the Interest of C. M. L.*, 260 Ga. App. 502, 503 (1) (580 SE2d 276) (2003). Cook's failure to follow the discretionary appeal procedure, therefore, deprives us of jurisdiction over this direct appeal. Accordingly, Stewart's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  05/18/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.