## A89A1818. McMICHAEL v. THE STATE.
### (390 SE2d 120)

POPE, Judge.

We have examined the record in this case in light of defendant's enumeration of error claiming that the trial court erred in denying his extraordinary motion for new trial on the ground that he was denied effective assistance of counsel at the trial of the case. Counsel may, as defendant contends, have inadequately prepared for trial by failing to consult with the defendant about the trial of the case until the evening before the trial commenced and by failing to call certain witnesses identified by the defendant.* However, under the facts of this case, the possible ineffectiveness of counsel does not provide a ground for retrial. Defendant's sole defense to the charge was that he acted in self-defense. Defendant testified that he repeatedly cut the victim with a knife in response to her striking him twice with a stick which broke on the second blow. According to Georgia law, "[a] person is justified in . . . using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself . . . against such other's imminent use of unlawful force. . . ." OCGA § 16-3-21 (a). Whether the circumstances are such to justify the defendant's response is a question for the jury. *Anderson v. State*, 245 Ga. 619 (1) (266 SE2d 221) (1980). However, under the facts of this case, regardless of what the testimony of other witnesses might have been, defendant's own testimony showed his response was not justified under the self-defense rule and, thus, no ground for new trial exists. We hold the trial court did not err in denying defendant's motion for this and other reasons adequately and fully set forth in the trial court's order.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1990.

*J. Tracy Ward*, for appellant.

*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.

---

* We note that defendant's trial counsel was subsequently disbarred for wilful abandonment of a client's legal interest. *In the Matter of Rodney H. Roberts*, 258 Ga. 155 (366 SE2d 679) (1988).