A91A1274. HUFFMAN v. THE STATE.
(411 SE2d 787)

Judge Arnold Shulman.

The appellant was charged with two counts of simple battery (OCGA § 16-5-23) and one count of battery (OCGA § 16-5-23.1). He was tried before a jury and convicted of one of the counts of simple battery. He appeals from the denial of his motion for a new trial.

The appellant testified that the victim was "tailgating" him as he (the appellant) was driving with his three teenage children. The victim admitted flashing his high beams at the appellant's car because of what he deemed to be rowdy behavior and erratic driving. The appellant stopped his car, blocking traffic on his side of the road, got out, walked back to the victim's car, and punched the victim at least twice, blackening his eye and breaking his glasses. The appellant maintained that this conduct was justified by the victim's use of opprobrious and abusive language and by a perceived threat of force on the part of the victim. *Held*:

1. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of simple battery. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant complains that his counsel's closing argument was curtailed by the trial court to such an extent as to prevent him from presenting the legal theory of his defense to the jury in an intelligent manner. The record reveals that the trial court sustained the state's objections to several attempts by defense counsel to draw inferences from facts not in evidence. Other objections to defense counsel's manner of relating the facts in evidence to his client's legal position were not sustained, although he was cautioned by the trial court not to instruct the jury as to the law. Cf. *Conklin v. State*, 254 Ga. 558, 569 (10) (331 SE2d 532) (1985). As the appellant has failed to demonstrate that any of these actions by the trial court were erroneous or that, if they were, he was harmed by them, we find this enumeration of error to be without merit.

3. The appellant contends that the court erred in including the phrase, "great bodily harm," in its charge to the jury on the affirmative defense of justification. The charge in question consisted of a virtually verbatim reading of OCGA § 16-3-21 (a), the Code section dealing with use of force in defense of self or others. Whether or not the force used by the appellant was "intended or likely to cause great bodily harm" was for the jury to determine. See *McMichael v. State*, 194 Ga. App. 225 (390 SE2d 120) (1990). The appellant has not suggested how the use of this language could have misled the jury to his prejudice, and it seems clear from the fact that he was convicted only of simple battery and not of the greater offense of battery that it did not do so.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 25, 1991.

*James C. Strayhorn*, for appellant.
*Patrick H. Head*, Solicitor, *Victoria S. Aronow, Beverly M. Collins*, Assistant Solicitors, for appellee.