### A99A0438. JAMES v. THE STATE.
(518 SE2d 142)

RUFFIN, Judge.

Following a bench trial, the trial court convicted Dante James of one count of simple battery for biting Joy Monroe. On appeal, James contends the trial court erred in failing to consider his sole defense of justification. As James' contention lacks merit, we affirm.

On January 29, 1998, Monroe, who lived with James, was talking to a friend on the phone. Although James said that he needed to use the phone to make a business call, Monroe refused to relinquish the phone. The two began struggling over the phone. According to Monroe, James grabbed her by her shirt, ripped the shirt, scratched her neck, and hit her. Monroe testified that when she attempted to push James away, he bit her on her finger, drawing blood.

According to James, Monroe assaulted him after he took the phone from her, and he attempted to defend himself. He denied that he ever hit Monroe, but said that she struck him with the telephone. With respect to the bite, James testified that Monroe's hand must have gotten in his mouth while she was attacking him, but that he had no specific recollection of biting her. On cross-examination, James testified that the bite "was certainly not intentional."

Following the altercation, Monroe called the police. The responding officer testified that when he arrived at the house, he saw that Monroe had scratches on her neck, her finger was bleeding and her shirt was torn and had blood on it. The officer questioned both James and Monroe and arrested James after determining that he was the aggressor. James was charged with three counts of simple battery — one count for biting Monroe, one count for hitting her, and one count for grabbing her. The trial court found James not guilty of simple battery for hitting or grabbing Monroe, but found James guilty of simple battery for biting her.

James contends the trial court erred as a matter of law in refusing to distinguish between his defense of justification and the defense of accident. This contention is without merit. In acquitting James on the charges of hitting and grabbing Monroe, the trial court noted that "maybe one gets as good as one gives." In addition, the trial court indicated that it did not believe that James intended to harm Monroe by hitting and grabbing her. Thus, it appears that the trial court essentially accepted James' defense of justification with respect to those charges. With respect to the biting charge, however, the court

stated that "[a] bite like that is not defensive. . . . I find that there was an intentional causing of physical harm to this woman when she gets bitten." Accordingly, the trial court considered, but rejected, the defense of justification as well as the defense of accident with respect to James biting Monroe. See *McMichael v. State*, 194 Ga. App. 225 (390 SE2d 120) (1990) (whether the defendant's response is justified is a question for the factfinder); *Richards v. State*, 263 Ga. 65 (428 SE2d 84) (1993) (factfinder authorized to reject defenses of self-defense and accident).

Here, the evidence was sufficient to authorize the finder of fact to find James guilty beyond a reasonable doubt of simple battery. *Reynolds v. State*, 231 Ga. App. 33, 34 (1) (497 SE2d 580) (1998). In a bench trial, the judge serves as the finder of fact, and we will not set aside his findings unless they are clearly erroneous. *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). As the trial court's finding that James was guilty of simple battery is not clearly erroneous, we affirm.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 13, 1999.

*James S. Lewis*, for appellant.
*Gwendolyn R. Keyes, Solicitor, D. Max Hirsh, Thomas E. Csider, Assistant Solicitors*, for appellee.