## A01A0588. DUMAS & ASSOCIATES v. NALECZ.
### (549 SE2d 730)

BLACKBURN, Chief Judge.

Dumas & Associates (Dumas), a law firm, appeals from the denial of its motion for new trial after the jury rendered a verdict against it in the underlying breach of contract action. Because the jury's verdict was supported by the evidence and was not contrary to the law, we affirm.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motion for directed verdict and new trial will not be disturbed.

(Punctuation omitted.) *MARTA v. Green Intl.*[1]

Dr. Andrezej G. Nalecz d/b/a Vehicle Dynamics International filed this action, contending that Dumas breached the service contract between the parties when Dumas failed to pay for services rendered. Dumas hired Nalecz to provide expert assistance and accident reconstruction material in a vehicle rollover civil litigation case being handled on behalf of one of Dumas' clients. After Dumas failed to make payments pursuant to Nalecz's invoices as required by the contract, Nalecz brought the underlying action for breach of contract, interest, and attorney fees. Dumas counterclaimed for breach of contract, tortious interference with a business relationship, injury to reputation, and punitive damages.

The jury awarded Nalecz $19,902 on his breach of contract claim and $13,357.90 in attorney fees. The jury awarded Dumas nothing on its counterclaims. In its motion for new trial, Dumas asserted the general grounds and contended that the original contract was paid in

---

[1] *MARTA v. Green Intl.*, 235 Ga. App. 419, 420 (1) (509 SE2d 674) (1998).

full so that any fees claimed by Nalecz were pursuant to a subsequent contract that was void for lack of consideration. The trial court ruled that the verdict was supported by the evidence. The trial court also determined that Dumas' contention that Nalecz performed services pursuant to a new contract lacking in consideration was without merit because the evidence reflected that Nalecz's services were not paid in full pursuant to the contract in evidence.

Essentially, the issue before us concerns a factual question as to whether the work performed and invoiced by Nalecz was within the scope of services to be performed pursuant to the contract admitted into evidence. The evidence on this issue is in conflict. Nalecz testified that the work he performed and invoiced was required work only and was not optional work. Dumas contends that the work was performed pursuant to a cost estimate which was not within the scope of services outlined in the contract.

> We will not weigh the evidence, and in fact are precluded from doing so. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies.

(Citations omitted.) *Williams v. Stankowitz.*[2] Because this was a disputed factual issue, it was properly sent to the jury to resolve. And because there was some evidence supporting the jury's decision, the trial court did not err in denying Dumas' motion for new trial on general grounds.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MAY 18, 2001.

---

[2] *Williams v. Stankowitz*, 149 Ga. App. 865, 866 (256 SE2d 147) (1979).

*Lawson & Thornton, George O. Lawson, Jr.,* for appellant.
*Gibson, Deal & Fletcher, William A. Fletcher, Jr.,* for appellee.