A02A0785. DOLE v. THE STATE.
(567 SE2d 756)

BARNES, Judge.

Following a bench trial, Edward Bernard Dole was found guilty of three counts of violating the Georgia Controlled Substances Act for possession of cocaine, possession with intent to distribute stanozolol, and possession with intent to distribute diazepam.[1] On appeal Dole claims that the trial court erred in denying his motion to suppress certain evidence seized from his home pursuant to an invalid warrant. He also argues that the trial court erred in failing to grant his motion to dismiss the possession of diazepam indictment. Finding no error, we affirm.

1. In reviewing the denial of a motion to suppress, we construe the record to uphold the trial court's findings and judgment. *Davis v. State*, 232 Ga. App. 450 (1) (501 SE2d 241) (1998). The trial court's

---

[1] Stanozolol is a steroid. Several hundred pills of Winstrol, a common brand name for stanozolol, were recovered from Dole's residence. Diazepam is also known as Valium.

findings on issues of credibility and conflicting evidence are to be upheld unless they are clearly erroneous. Id. Further, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

So construed, the evidence reveals that a Gwinnett County drug task force investigator sought a search warrant for Dole's residence after Drug Enforcement Administration agents informed him that several packages containing two controlled substances, alprazolam and Valium, addressed to Dole, had been seized by the United States Customs Agency. After obtaining the warrant, the investigator conducted a controlled delivery of an additional package addressed to Dole containing 1,000 Valium pills. The female who signed for the package told the postal worker that Dole was there, but was asleep. Within ten to fifteen minutes of the delivery, the police executed the warrant.

The police recovered cocaine, marijuana, several vials of deca-durabolin,[2] and several hundred stanozolol pills. The cocaine was in an ashtray in plain view, the marijuana was in a box on a bedside table, and the other contraband was located in a file cabinet in the bedroom closet. Dole directed the police to the file cabinet after telling them that, "I can show you where the stuff is so you don't tear everything apart."

2. Dole first contends that the warrant violates OCGA § 17-5-21 "because the warrant erroneously describes items as 'being possessed in violation of Georgia Law' that are not contraband." He argues that the warrant describes the items to be seized as "instruments of communication, computers, mail correspondence to facilitate the sale or purchase of Valium (Diazepam)" because they were being held "in violation of the law." He argues that since the items described are not contraband, the warrant exceeds the scope of the search warrant statute, OCGA § 17-5-21, and is unlawful.

Dole has misinterpreted the statement in the warrant. The relevant part of the warrant states: "There is now located certain instruments, articles, person(s), or things, namely: INSTRUMENTS OF COMMUNICATION, COMPUTERS, MAIL CORRESPONDENCE TO FACILITATE THE SALE OR PURCHASE OF VALIUM (DIAZEPAM), which is being possessed in violation of Georgia Law." Contrary to Dole's assertion, the phrase "which is being possessed in violation of Georgia Law" refers to the Valium or diazepam, and not to the other items. Further, as the warrant states that these items were possessed to facilitate the illegal sale or purchase of Valium or

---

[2] Deca-durabolin is also a steroid.

diazepam, they clearly fall within the terms of OCGA § 17-5-21 (a) (1), as "instruments, articles, or things, . . . which are designed, intended for use, or which have been used in the commission of the offense in connection with which the warrant is issued." Id. Therefore, there being no factual support for Dole's arguments, this enumeration of error is without merit.

Dole's argument that the trial court expanded the scope of the search warrant by referring to the warrant application is not reasonably included within his enumeration of error and was not otherwise enumerated as error. Accordingly, this issue cannot be considered, because matters not enumerated as error will not be considered on appeal. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). "This court has no jurisdiction to consider grounds which though argued are not enumerated as error according to OCGA § 5-6-40. [Cits.]" *Sunn v. Trophy Marine*, 176 Ga. App. 68, 69 (2) (334 SE2d 884) (1985). Moreover, as the Valium was found in plain view when the officers entered the home, they were authorized to seize it. *Nichols v. State*, 210 Ga. App. 134, 136 (3) (d) (435 SE2d 502) (1993).

3. Dole's second enumeration of error contends the trial court erred by denying his motion to suppress "because the items described in the warrant are not limited to the named participants in criminal activity." He contends the warrant was overbroad because it allowed the seizure of items related to unnamed co-conspirators as the affidavit refers to unnamed co-conspirators. This argument is also without merit.

The items described in the warrant to search Dole's house all involved a named participant — Dole. Officers sought to seize the means by which Dole may have communicated with others (whom they could not yet identify) regarding the sale or purchase of Valium. The items were described with the requisite particularity, so the warrant is not invalidated by the reference to unnamed co-conspirators in the application. This is not a case in which the warrant did not limit the items to be seized. Compare *Grant v. State*, 220 Ga. App. 604, 609 (2) (469 SE2d 826) (1996) (because the warrant did not clearly limit the items to be seized to those involving the named participants, it was overly broad and allowed for an impermissible exercise of discretion by the searching officers).

4. Finally Dole asserts that the trial court should have granted his motion to dismiss Count 3 of the indictment for possession of diazepam (Valium) with intent to distribute because the evidence was insufficient to warrant a conviction. He argues that he never had actual or constructive possession of the Valium.

This Court, however, does not weigh the evidence or address the credibility of the witnesses. Rather, we determine whether the evidence, viewed in the light most favorable to the verdict, was suffi-

cient to authorize the finder of fact's finding that the defendant was guilty of the crime charged beyond a reasonable doubt. *James v. State*, 238 Ga. App. 101, 102 (518 SE2d 142) (1999). From our review of the record, we find that the evidence from which the jury could infer that the Valium was delivered to Dole's agent who accepted the Valium on his behalf was sufficient to support Dole's conviction, and thus we find no error in the trial court's denial of Dole's motion. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 26, 2002.

*Clark & Towne, David E. Clark, Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Frank A. Ilardi, James M. Cavin, Assistant District Attorneys*, for appellee.