## A02A2272. McLEOD et al. v. ROBBINS ASSOCIATION.
### (579 SE2d 748)

MIKELL, Judge.

Robbins Association d/b/a The Irrigation Mart ("The Mart") filed suit on account against Robert McLeod, Jr., and Jim McLeod d/b/a Pineview Peanut Company ("Pineview") to recover monies due for plastic mulch. Pineview counterclaimed, alleging that the plastic deteriorated prematurely and damaged its crops. The case was tried before a jury, which returned a verdict in favor of The Mart, awarding $24,268.39 for the balance due on the account, $1,600 in costs of litigation, and $5,600 in attorney fees. Pineview moved for a new trial, which was denied. For the reasons set forth below, we affirm.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of defendant's motion for . . . new trial will not be disturbed.[1]

So viewed, the evidence shows that Pineview ordered 260 rolls of degradable plastic mulch to cover its watermelon and cantaloupe crops; that Pineview placed the order through Joe Simmons, chairman of the board of the Georgia Watermelon Association; that The Mart shipped the order and billed Pineview $15,776 in late January or early February 1999; that the invoice specified that payment was due upon receipt; that Pineview did not pay the bill initially because it "didn't have the money"; and that Pineview was aware that interest would be charged on the unpaid balance.

Robert McLeod testified that he had communicated certain specifications concerning the order to Simmons and that Simmons failed to relay those specifications to The Mart. Specifically, McLeod claimed that he had informed Simmons that he needed the mulch to last from 90 to 120 days. McLeod testified that he started laying the mulch on March 18, 1999, and noticed holes in the material on April 11. He introduced into evidence a videotape made on April 20, 1999, depicting the plastic breaking down. McLeod testified that the tears

---

[1] (Citation and footnote omitted.) *Dumas & Assoc. v. Nalecz*, 249 Ga. App. 662 (549 SE2d 730) (2001).

in the plastic caused loss of heat and moisture, which adversely affected crop yield. Jay Robbins, The Mart's vice-president, testified that Simmons informed him in April that some of the farmers were concerned because the material was beginning to break down prematurely. McLeod telephoned Robbins shortly thereafter to report that the plastic was splitting.

Although Pineview argued that Simmons was The Mart's agent, the evidence showed that Simmons was not paid by The Mart and had volunteered to solicit orders from members so that the farmers could get a better price on the plastic by saving on freight. Thus the evidence would support an inference that Simmons was acting as Pineview's agent rather than The Mart's agent. Further, Simmons testified that when McLeod ordered the product, there was never any discussion about a warranty concerning degradability. Rather, McLeod read and signed the order form and made copies of it for Simmons. Although certain specifications were written on the reverse of the order form that was introduced into evidence at trial, Simmons testified that no such language was written on the copies he received. In addition, Simmons testified that he never told McLeod that the plastic would last from 90 to 120 days.

After Simmons testified, Pineview rested its case. The Mart moved for a directed verdict on the counterclaim, arguing that Pineview had failed to introduce evidence that Simmons was The Mart's agent and that Pineview had admitted signing the order form, thereby agreeing to waive any claims against The Mart for damages arising from the use of the mulch. The trial court denied the motion and submitted all issues for the jury's determination.

1. In its first enumerated error, Pineview claims that the waiver and release of liability contained in the order form are unconscionable and unenforceable pursuant to OCGA § 11-2-302. At the outset, however, we note that Pineview's brief is devoid of any statements regarding the applicable standard of review or of the manner in which errors were preserved for appeal, as required by Court of Appeals Rule 27 (a). Nor has Pineview indicated by reference to the record that this issue was raised or ruled on by the trial court. "On appeal, this court does not review issues which were not raised and ruled on below."[2] This issue is waived.

2. In its second enumerated error, Pineview argues that the evidence supports a finding of breach of express warranty. As framed, the argument ignores the appropriate standard of review on appeal

---

[2] (Punctuation omitted.) *Kim v. McCullom*, 222 Ga. App. 439, 441 (3) (474 SE2d 654) (1996), citing *Tyler v. Bennett*, 215 Ga. App. 87, 88 (2) (449 SE2d 666) (1994). Compare *Mullis v. Speight Seed Farms*, 234 Ga. App. 27, 28 (505 SE2d 818) (1998) (issue raised on motion for summary judgment).

from the denial of a motion for new trial.[3] The issue of whether The Mart breached an express or implied warranty to Pineview was submitted to the jury. The jury found in favor of The Mart. Accordingly, our task on appeal is to determine whether any evidence exists to support the verdict.[4] In this regard, Robbins testified that because the manufacturer offered no warranty on the material, The Mart could not provide a warranty, and it advised customers of that fact on the order form. McLeod admitted that he did not fax any additional specifications to The Mart. This evidence supports the verdict.

3. Finally, Pineview argues that no evidence supports the award of attorney fees and expenses. The jury may award expenses of litigation under OCGA § 13-6-11 "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The existence of a bona fide controversy or dispute as to the defendant's liability will preclude recovery based on stubborn litigiousness or causing unnecessary trouble and expense.[5] An award of attorney fees under OCGA § 13-6-11 "should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense."[6] Robert McLeod's testimony that he did not pay the invoice initially because he lacked the funds provides some evidence to support the award of fees and expenses to The Mart. Based on that testimony, we are unwilling to hold, as a matter of law, that a reasonable defense, or a bona fide dispute, existed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 25, 2003 —
RECONSIDERATION DENIED MARCH 19, 2003.

*Walter E. Baker*, for appellants.
*David L. Venable*, for appellee.

---

[3] See *Dumas & Assoc.*, supra.
[4] Id.
[5] *Driggers v. Campbell*, 247 Ga. App. 300, 304 (4) (543 SE2d 787) (2000).
[6] (Citation and punctuation omitted.) *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 224 (6) (312 SE2d 386) (1983).