A04A1592. CARDEN v. WARREN.

(603 SE2d 769)

BLACKBURN, Presiding Judge.

In this discretionary appeal regarding the legitimation and name change of a minor child following a bench trial, Cathy Carden, the biological mother, contends that, among other reasons, the trial court erred by: (1) granting the motion for legitimation brought by the child's biological father, Dixie Warren, Jr., in the absence of sufficient evidence and without proper written findings and (2) granting Warren's motion to change the child's last name to Warren in the absence of sufficient evidence and without proper written findings. For the reasons set forth below, we affirm.[1]

1. Carden contends that the trial court erred by granting the motion for legitimation brought by Warren arguing that: (a) the evidence fails to support the trial court's grant of Warren's motion to legitimate, and (b) the trial court failed to make the necessary written findings prior to its ruling.

(a) With regard to the sufficiency of the evidence, Carden argues that the trial court's finding that Warren has not abandoned all opportunity interest in forming a bond with his son was improper. We disagree.

---

[5] See *Harvey v. Kidney Center of Central Ga.,* 213 Ga. App. 319, 320 (444 SE2d 590) (1994).

[1] Carden argues that the weight of the evidence did not support the verdict of the trial court. However, "[w]e will not weigh the evidence, and in fact are precluded from doing so. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence." *Dumas & Assoc. v. Nalecz,* 249 Ga. App. 662, 663 (549 SE2d 730) (2001).

The trial court's decision in matters of legitimation must be affirmed absent an abuse of discretion. *In re J. B. K.*[2] "It is well established that factual findings made by a trial court when sitting without a jury will not be disturbed on appeal unless they are clearly erroneous or wholly unsupported by the evidence." *Sundance, Inc. v. Guy.*[3] In a bench trial, the trial court sits as the trier of fact, and it is the sole arbiter of the credibility of witnesses. See, e.g., *James v. State.*[4]

The record before us supports the trial court's finding that Warren had not abandoned his opportunity interest in forming a bond with his son.

> [U]nwed fathers gain from their biological connection with a child an opportunity interest to develop a relationship with their children which is constitutionally protected. This opportunity interest begins at conception and endures probably throughout the minority of the child. But it is not indestructible. It may be lost. . . . It is, then, an interest which can be abandoned by the unwed father if not timely pursued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to becoming a father in a true relational sense as well as in a biological sense. Absent abandonment of his interest, a state may not deny a biological father a reasonable opportunity to establish a relationship with his child.

*In re Baby Girl Eason.*[5]

Although Carden and Warren never married, Warren is the biological father of the child. Soon after the birth, Warren started child support payments, filed an initial legitimation petition, then let the petition lapse when he hoped to work things out outside of the adversarial court system. For the first years of the child's life, Warren had numerous personal interactions with the child, including independent visits, birthdays, and holidays. Following Carden's recent request that Warren relinquish his parental rights so that Thomas Eidson, her current husband, could adopt the child, Warren filed the present legitimation action. Warren subsequently made numerous attempts to contact the child, which Carden admittedly rebuffed.

---

[2] *In re J. B. K.*, 169 Ga. App. 450 (1) (313 SE2d 147) (1984).

[3] *Sundance, Inc. v. Guy*, 174 Ga. App. 792, 793 (1) (331 SE2d 102) (1985).

[4] *James v. State*, 238 Ga. App. 101, 102 (518 SE2d 142) (1999).

[5] *In re Baby Girl Eason*, 257 Ga. 292, 296 (1) (358 SE2d 459) (1987).

Warren, however, did see the child during local sporting events, the schedule of which he was forced to acquire from sources other than from Carden.

Considering the continuous financial support of the child and the attempts at contact, both social and through gifts and cards, there is some evidence of record that Warren had not abandoned his opportunity interest with his son, and, accordingly, the trial court did not err in reaching this conclusion.

Furthermore, the trial court correctly applied a best interest standard to decide whether to grant Warren's request for legitimation. "[A]n unwed father who faces a mother who has custody and a stepfather who seeks to adopt will never have an opportunity to place himself in the category of a custodial father. A best interests test is adequate [for a question of legitimation]." *In re Baby Girl Eason*, supra at 297 (1). Under this test, the trial court specifically determined that it was in the child's best interest to legitimate because: Warren loved his son, continued to make efforts to contact him, and financially supported him as required. As there is evidence to sustain its finding, the trial court did not abuse its discretion in granting Warren's request for legitimation.

(b) Carden further argues that the trial court erred by failing to set forth the basis for its legitimation ruling in its written order pursuant to *Jones v. Smith*.[6] In *Jones*, pursuant to OCGA § 9-11-52, the plaintiff timely requested factual findings. Carden, however, never requested the findings of fact about which she now complains. Without such a request, *Jones* does not apply, and Carden has waived her right to raise this issue on appeal.

2. Carden contends the trial court erred by granting Warren's motion to change the child's name (a) in the absence of sufficient evidence and (b) without the proper written findings. Again, we disagree.

(a) In a legitimation proceeding, the trial court "has broad discretion in deciding whether to grant a request to change the name of a child, and the court's decision will not be reversed unless it clearly abuses its discretion by ignoring the best interests of the child." *Palmer v. Pinkston*.[7] In this case, both parties desired a name change for the child. Carden wanted the child's last name changed to Eidson, and Warren asked for a change to reflect his own. The only concern voiced by Carden regarding the change of name request of Warren was that the seven-year-old already knew his name and that he would be confused by any change. In light of the mother's expressed desire

---

[6] *Jones v. Smith*, 250 Ga. App. 486, 487 (552 SE2d 112) (2001).
[7] *Palmer v. Pinkston*, 228 Ga. App. 514, 516 (3) (492 SE2d 285) (1997).

to change the child's name anyway, this "confusion" argument pales. As the record contains some evidence supporting Warren's request, the trial court did not abuse its discretion to grant the name change.

(b) Carden claims that the trial court failed to make written findings of fact supporting its decision on the name change. Carden never requested such findings. Therefore, she has waived this argument for purposes of appeal. See Division 1 (b).

3. All of Carden's remaining enumerations of error lack merit. The majority of such enumerations either repeat those enumerations already considered above or have been waived by failing to raise an objection or request a ruling in the trial court. "On appeal, this [C]ourt does not review issues which were not raised and ruled on below." (Punctuation omitted.) *McLeod v. Robbins Assn.*[8]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 26, 2004.

*Edea M. Caldwell*, for appellant.
*Sexton & Morris, Joseph S. Key, David B. Brown*, for appellee.

