**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A1895. LESTER v. BOLES.

PHIPPS, Presiding Judge.

Richard Eugene Lester appeals from the trial court's orders modifying custody of his minor child. Lester complains that the court improperly entered a self-executing custody order and wrongly amended that order based on newly discovered evidence. For reasons that follow, we find no abuse of discretion and affirm.

The record shows that Lester and Nichole Renee Boles, who have never been married, had a son in 2009. In 2011, the trial court entered an order legitimating the child and establishing custody, visitation, and child support. Boles was made the child's primary legal and physical custodian, with Lester enjoying significant visitation rights. In 2012, Lester filed a petition to modify the 2011 order to grant him primary custody on the ground that Boles had begun traveling extensively for work,

whereas he had a flexible schedule. In April 2014, after a hearing for which no transcript has been submitted, the trial court entered an order granting Lester's petition in part. The court ruled:

> [S]ince 2011, there has been a change of circumstances in the parent's lives which has affected the child. Specifically, the Court finds that because of [sic] the mother changed her employment, and her new job obligates her to travel out of town, the father has spent additional time with the child while she was away on business. The Court finds that the minor child will need additional stability once he begins the first grade.

Accordingly, the court ordered that Lester and Boles would alternate physical custody of their son on a weekly basis until he began first grade, after which the boy would live primarily with Boles and visit Lester on alternating weekends, holidays, and school breaks.

Boles filed motions for reconsideration and a new trial on the ground that Lester had been drinking and driving on two occasions, one of which occurred after the modification hearing. Lester also filed motions for reconsideration and new trial, arguing that the court had erred by speculating about the child's possible future needs upon entering first grade. After another hearing, the transcript of which was filed below, the court granted the mother's motion for reconsideration, finding that Lester

2

had twice "operate[d] a motor vehicle while in a less safe condition because of his alcohol consumption" and had been arrested for DUI, though he had not been convicted. Based on this finding, the court amended its prior order to include language prohibiting both parents from consuming alcohol while the child was with them. Lester appeals, arguing that the court erred by "ordering a self executing modification of custody" and by amending its original order based on newly discovered evidence.

1. "A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest."[1] Our standard of review is deferential: we will uphold the trial court's decision unless the court abused its discretion, and "[w]here there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion."[2]

Lester contends that the trial court abused its discretion by including a self-executing provision in its custody award. "Self-executing change of custody

[1] *Vines v. Vines*, 292 Ga. 550, 552 (2) (739 SE2d 374) (2013) (citation and punctuation omitted); see also OCGA § 19-9-3 (a) (2).

[2] *Vines*, supra (citation omitted).

3

provisions allow for an 'automatic' change in custody based on a future event without any additional judicial scrutiny."[3] Our Supreme Court has held that "any self-executing change of custody provision that fails to give paramount import to the child's best interests in a change of custody as between parents must be stricken as violative of Georgia public policy."[4] In *Scott v. Scott*,[5] the Supreme Court reversed a custody order that gave the mother primary physical custody of the parties' minor daughter, but provided that such custody would "automatically revert to [the father]" if the mother moved out of the county.[6] The Court noted that upon the occurrence of the "triggering event" – the mother's relocation – the daughter would be "automatically uprooted without any regard to the circumstances existing at that time."[7]

---

[3] *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003).

[4] *Dellinger v. Dellinger*, 278 Ga. 732, 733 (1) (609 SE2d 331) (2004), citing *Scott*, supra at 375; see also *Johnson v. Johnson*, 290 Ga. 359, 360 (721 SE2d 92) (2012).

[5] Supra.

[6] *Scott*, 276 Ga. at 372-373.

[7] Id. at 375.

A year later, in *Dellinger v. Dellinger*,[8] the Supreme Court again reversed an order providing for an automatic custody change if the mother chose to relocate. The Court highlighted two problems with the self-executing provision in that case. First, "the challenged provision lacks any expiration date at all" and could take effect "at any time, even though the change could be triggered months or even years in the future."[9] As such, the provision lacked the flexibility needed to "adapt to the unique variables . . . that must be assessed in order to determine what serves the best interests and welfare of a child."[10] Second, the mother's relocation was an "arbitrary triggering event" that had "only a tangential connection with the children's best interests."[11] Under these circumstances, the provision "improperly authorized an open-ended, automatic, material change in [custody] without providing for a determination whether the [custody] change is in the best interests of the parties' children and without connecting the triggering event to those best interests."[12]

---

[8] Supra.

[9] Id. at 735.

[10] Id., quoting *Scott*, supra at 375 (citation and punctuation omitted).

[11] Id.

[12] Id. at 736; see also *Rumley-Miawama v. Miawama*, 284 Ga. 811, 813 (2) (671 SE2d 827) (2009) (revised "visitation schedule which automatically takes effect

The challenged provision in the custody order in this case provides that when the child begins first grade – approximately 16 months after entry of the order – Boles will assume primary physical custody and Lester will have regular visitation. Though admittedly self-executing, the provision has neither infirmity identified in *Dellinger*. It is not an open-ended provision conditioned upon the occurrence of some future event that may never take place; rather, it is a custody change coinciding with a planned event that will occur at a readily identifiable time. Moreover, the triggering event is not an arbitrary change that may or may not affect the child's best interests at some unknown date; instead, the event is the child beginning first grade, at which point – according to the trial court's findings – he will need the additional stability associated with having one primary residence.[13] Because the challenged custody

---

whenever Wife may move out of Georgia" was a self-executing custody provision that could not stand).

[13] Lester complains that there was no evidence that the child would need such stability, but "we *must* assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (1) (695 SE2d 586) (2010) (punctuation and citation omitted).

provision in this case gave "paramount import to the child's best interests,"[14] we find no abuse of discretion.

2. Lester contends that the trial court lacked authority to add the alcohol-related provisions to the custody order because Boles failed to satisfy the six criteria for a new trial based on newly discovered evidence.[15] The criteria that Lester references, however, apply to *extraordinary* motions for new trial, which are filed more than 30 days after entry of the challenged judgment.[16] "In contrast to a motion for new trial made within 30 days of a judgment, an extraordinary motion for new trial is not favored; consequently, a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly available evidence than to an ordinary motion on

---

[14] *Dellinger*, supra at 733.

[15] Lester also argues that a motion for reconsideration was not the proper vehicle for the relief that Boles sought. We need not reach this argument given our conclusion, *infra*, that the court did not abuse its discretion by entertaining the motion for new trial based on newly discovered evidence. We are mindful that the court purported to grant the motion for reconsideration and deny the motion for new trial. But because substance controls over nomenclature in construing orders, see *Bobick v. Community & Southern Bank*, 321 Ga. App. 855, 859 (1) (743 SE2d 518) (2013), we focus on whether the court was authorized to grant the relief it did, regardless of what it chose to call that relief.

[16] See OCGA §§ 5-5-40 (a) & 5-5-41 (a).

7

that ground."[17] Boles's motion, filed 21 days after entry of the modification order, was an ordinary motion for new trial, which may be granted when a party timely brings to the court's notice "any material evidence, not merely cumulative or impeaching in its character but relating to new and material facts . . . discovered by the applicant after the rendition of a verdict against him."[18] We will not reverse a trial court's ruling on a motion for new trial on the ground of new evidence absent an abuse of discretion.[19]

Here, the new evidence consisted of a police officer's testimony that he had arrested Lester for DUI in January 2014, approximately three months after the modification hearing To show a pattern of behavior, Boles also presented the testimony of a different officer who had arrested Lester for DUI in April 2010 under similar circumstances. Because the evidence of the January 2014 arrest, and its similarity to the previous arrest, was new, material, and not merely cumulative or

---

[17] *Bharadia v. State*, 326 Ga. App. 827, 829 (755 SE2d 273) (2014) (citation and punctuation omitted).

[18] OCGA § 5-5-23.

[19] *Med. Staffing Network v. Connors*, 313 Ga. App. 645, 647 (1) (722 SE2d 370) (2012).

impeaching, the trial court did not abuse its discretion by amending the custody order to include an alcohol-related provision.

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur.*