**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 1, 2016**

# In the Court of Appeals of Georgia

A16A1089. DURDEN v. ANDERSON.

BARNES, Presiding Judge.

Ashley Durden, the mother of the 14- month-old child V.S.A., appeals from the trial court's grant of a legitimation petition, visitation schedule, and custody order filed by the child's biological father, Jeremy Anderson. Durden contends that the trial court erred by failing to expressly rule upon whether Anderson abandoned his opportunity interest in establishing a parent-child relationship with V.S.A. and whether legitimation was in the best interest of the child. Durden also contends that the trial court erred in entering a parenting plan that contained a self-executing automatic future modification and granting joint physical custody. For the following reasons, we affirm.

1. We review a trial court's ruling on a legitimation petition for an abuse of discretion and will sustain the trial court's factual findings if there is any evidence to support them. *Neill v. Brannon*, 320 Ga. App. 820, 822 (1) (738 SE2d 724) (2013).

As our Supreme Court has found, a biological father is afforded an opportunity to develop a relationship with his offspring. If the father grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development. Unwed fathers gain from their biological connection with a child an opportunity interest to develop a relationship with their children which is constitutionally protected.

Id. "In ruling on a petition to legitimate a child, the trial court must first determine whether the biological father has abandoned his opportunity interest to develop a relationship with the child. Then, depending on the nature of the biological father's relationship with the child and other surrounding circumstances, the standard for evaluating whether legitimation is appropriate is either a test of his fitness as a parent or the best interest of the child." *Binns v. Fairnot*, 292 Ga. App. 336, 336-337 (665 SE2d 36) (2008).

Anderson filed the Petition for Legitimation and Durden initially admitted in her answer that she believed it was in the best interest of the child for the petition to be granted. On appeal, Durden argues the trial court committed reversible error by failing to make the express finding that Anderson did not abandon his opportunity interest or that legitimation was in the best interest of the child. We disagree.

2

In all three of her enumerations of error, Durden contends that the trial court erred for not setting out specific findings of fact in its order pursuant to OCGA § 19-9-3 (a) (8). Although she filed a request of such findings, it was not timely, as the statute requires it to be made on or before the close of evidence at the hearing. Here, the close of evidence occurred on November 18, 3015, but Durden did not file her request until December 9, 2015. Accordingly, this argument is without merit.

At the hearing, Durden testified that the child was diagnosed with Sickle Cell Anemia at birth and requires proper monitoring and care. Although she admitted that no problems have arisen while V.S.A. was with Anderson, she was concerned that his other family members may not be aware of how to manage the disease. A nurse practitioner from the family's hospital testified that both parents came in with the child, although she had seen Durden more. Another nurse practitioner told the trial court that she felt both parents were fully engaged.

Anderson testified that the mother and child lived with him for the first six months after V.S.A.'s birth, that he was aware of the child's medical diagnosis, and that he attended a class where he learned how to take proper care of her and monitor her health. He also stated that he often checked the child's medical records online and visited her every time she was hospitalized. Additionally, he would buy items that

Durden and the child needed and he testified that he wanted to spend more time with his daughter. Text message correspondence that demonstrated a positive relationship between the two parents as well as Anderson's interest and concern for the well-being of the child were also admitted into evidence.

The trial court told the parties that it "must rule based on the evidence and what [it] think[s] is in the best interest of the chil,d" and found that Anderson was "a fine young man. Gainfully employed. Fighting to be in his daughter's life." Based on the above facts, there was sufficient evidence for the trial court to find that Anderson did not abandon his opportunity interest in the child and that a continued relationship was in the child's best interest. "As there is evidence to sustain its finding, the trial court did not abuse its discretion in granting [Anderson's] request for legitimation." *Carden v. Warren*, 269 Ga. App. 275, 277 (1) (a) (603 SE2d 769) (2004).

2. Second, Durden contends that the trial court erred in entering a self-executing automatic future modification of custody provision. We disagree.

The parenting plan order states:

Father shall have visitation with the child on alternating weeks for one consecutive week beginning Sunday evening at 6:00 p.m. and ending the following Sunday evening at 6:00 p.m. until the minor child is school age, which shall be defined as Pre-Kindergarten. When the child is of

4

school age or enrolled in Pre-Kindergarten, Father shall have the child every other weekend from 6:00 p.m. on Friday through Monday.

This is a self-executing change of custody provision which allows "for an automatic change in custody based on a future event without any additional judicial scrutiny." *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003).

A self-executing change of custody provision may be permissible if the provision gives paramount importance to the child's best interests. *Scott*, 276 Ga. at 375 (holding that a "triggering event" such as remarriage or relocation violates the child custody statute). We find that the self-executing provision in V.S.A.'s case was made with consideration for the child's best interests.

We addressed this same type of self-executing custody provision in *Lester v. Boles*, 335 Ga. App. 891 (782 SE2d 53) (2016), where the trial court ordered that the parents would alternate custody weekly until their child began the first grade. *Lester*, 335 Ga. App. at 891. We found that "[i]t is not an open-ended provision conditioned upon the occurrence of some future event that may never take place; rather, it is a custody change coinciding with a planned event that will occur at a readily identifiable time." *Lester*, 335 Ga. App. at 893 (1).

The trial court found that the self-executing provision in the present case did not negatively affect the child's best interests and we find no abuse of discretion.

3. Lastly, Durden contends that the trial court erred by granting joint physical custody without a finding that it is in the best interest of the child. We disagree.

We review a custody determination for an abuse of discretion. *Urquhart v. Urquhart*, 272 Ga. 548, 549 (1) (533 SE2d 80) (2000); OCGA § 19-9-3 (a) (3). As discussed *supra* in Division 1, based on the testimony presented at the hearing, the trial court heard sufficient evidence to determine that joint custody would be in the best interest of the child. "[W]here there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the father." *Urquhart*, 272 Ga. at 549 (1). Thus, Durden's argument is without merit, and we affirm the trial court's order.

*Judgment affirmed. Boggs and Rickman, JJ., concur.*

6