**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

June 11, 2020

# In the Court of Appeals of Georgia

A20A0372. ROSS v. SMALL.                                  DO-012

DOYLE, Presiding Judge.

Chenea Small filed a petition to establish paternity and duty of support for her minor child, P. R., alleging that Mario Ross was the biological father. After Ross failed to answer or appear at the hearing, the trial court granted Small's petition, finding that Ross was the biological father of P. R. and ordering retroactive and continuing child support and attorney fees. Ross appeals, arguing that the trial court abused its discretion (1) by establishing paternity without conducting genetic testing; (2) by ruling on custody when no counterclaim or petition for legitimation had been filed; (3) by using incorrect figures to calculate presumptive child support; (4) by awarding retroactive child support; and (5) by awarding attorney fees without including necessary findings of fact or noting the applicable statutory basis for the

award. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

"[W]e review a trial court's ruling on a legitimation petition for an abuse of discretion and will sustain the trial court's factual findings if there is any evidence to support them."[1]

Viewed in this light, the record shows that Small filed the petition for paternity, child support, and attorney fees on January 20, 2019. Ross was served in person by the sheriff on February 8, 2019. Small also served third-party discovery on Ross's employer. A Uniform Superior Court Rule 5.2 notice of third-party discovery was served on Ross by mail on February 26, 2019, at an address in Powder Springs, Georgia.

On May 30, 2019, the trial court held a hearing on the petition, a transcript of which does not appear in the record. Thereafter, the trial court entered an order granting the petition and finding that Ross was the biological father who lived on and off again with Small and P. R. The court found that Ross had failed to legitimate P.

---

[1] (Punctuation omitted.) *Chalk v. Poletto*, 346 Ga. App. 491, 493 (816 SE2d 432) (2018), quoting *Durden v. Anderson*, 338 Ga. App. 565 (1) (790 SE2d 818) (2016).

R., failed to pay support aside from shared expenses when the couple lived together, and failed to establish parenting time. The court awarded sole custody to Small, and based on her testimony and evidence presented at the hearing, awarded child support of $1,441 per month, attaching a child support worksheet to the order and entering an income deduction order to ensure payment. The court also awarded Small 14 months of retroactive child support of $14,835 in monthly installments of $618.80. Finally, the court awarded Small attorney fees and costs of $2,771 based on her testimony that she attempted to have the matter resolved through child support enforcement but that Ross evaded service, requiring her to hire an attorney and have him served in Baldwin County. The court noted in its order that Ross failed to attend the hearing or answer the petition.

On July 1, 2019, after the final order was entered, Ross's attorney filed an entry of appearance, answer to Small's petition, motion to open default, and counterclaim for legitimation. On that same day, Ross's attorney filed an application for discretionary appeal in the Georgia Supreme Court, which transferred it to this Court by order issued on July 19, 2019.[2] On August 23, 2019, this Court granted Ross's

---

[2] The trial court was divested of jurisdiction to alter its ruling when Ross filed his discretionary application. See *Dovel v. Dovel*, 352 Ga. App. 423, 426 n. 3 (834 SE2d 918) (2019).

application on the basis that a trial court order passing upon child custody is directly appealable.[3]

1. As an initial matter, under OCGA § 19-7-47 (b),

> [i]f in any paternity action an answer has not been filed within the time required by Chapter 11 of Title 9, the "Georgia Civil Practice Act," the case shall automatically become in default unless the time for filing the answer has been extended as provided by law.[4] The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence.

Ross was served with the complaint on February 8, 2019, and failed to file an answer or petition for legitimation in response to Small's petition for paternity. Therefore, Ross was in default, which he failed to move to open at any time prior to

---

[3] See OCGA §§ 5-6-34 (a) (11), 5-6-35 (j).

[4] See OCGA § 9-11-12 (a) (stating that a defendant must answer within 30 days of service).

4

entry of the final judgment.[5] To the extent Ross argues otherwise, the trial court was authorized by this statute to enter a final order in this case.

2. Ross argues that the trial court erred by establishing paternity without conducting genetic testing, but he supports this argument with no citation to authority other than OCGA § 19-7-43 (d), which allows the court to order genetic testing but does not require it.[6] Ross fails to establish that the trial court was required to complete genetic testing prior to ruling on the issue of paternity. Moreover, because the hearing on the petition was not transcribed, we do not know what evidence was presented before the court and presume that its decision was supported thereby.[7]

3. Next, Ross contends that the trial court erred by ruling on custody when no counterclaim or petition for legitimation had been filed. Again, the trial court was

___

[5] See OCGA § 9-11-55; *Bowen v. Savoy*, __ Ga. __ (839 SE2d 546, 548) (2020).

[6] OCGA § 19-7-43 (d) states that "[i]n any case in which the paternity of a child . . . has not been established, the court, either on its own motion or on the motion of any party, *may* order the mother, the alleged father, and the child . . . to submit to genetic tests as specified in Code Section 19-7-45." (emphasis supplied.) The use of the word "may" in this statute indicates that the trial court has discretion to order genetic testing rather than being required to do so. See *Belt Power, LLC v. Reed*, __ Ga. App. __ (2) (b) (840 SE2d 765) (2020) (physical precedent only as to Division 3).

[7] See *Stanford v. Pogue*, 340 Ga. App. 86, 87 (1) (796 SE2d 313) (2017).

5

authorized under OCGA § 19-7-47 (b) to issue an order in this case regardless of whether Ross answered or filed a legitimacy petition in response. And because Ross failed to do so, the trial court was authorized to award Small sole custody of P. R.[8]

4. Ross contends that the trial court erred by using incorrect figures to calculate presumptive child support. As stated above, however, a transcript of the hearing does not appear in the record, so we presume the trial court heard testimony and received evidence that supported its findings for figures it used to order child support for P. R.[9]

5. Ross maintains that the trial court also erred by awarding retroactive child support. We agree to the extent that the trial court's order appears to conflict with the percent of child support owed by Ross per month under the child support guidelines.

---

[8] See OCGA § 19-7-25 ("Only the mother of a child born out of wedlock is entitled to custody of the child, unless the father legitimates the child as provided in Code Section 19-7-22. Otherwise, the mother may exercise all parental power over the child.").

[9] See *Stanford*, 340 Ga. App. at 87 (1). Moreover, to the extent that it applied a deviation for extracurricular activities, it noted in the order that the mother testified to those expenses. See also *Hamlin v. Ramey*, 291 Ga. App. 222, 227 (2) (661 SE2d 593) (2008) ("Because the trial court in this case decided to award the presumptive amount of child support without applying a discretionary deviation, OCGA § 19-6-15 does not require the court to issue findings to explain its reasoning in reaching that decision.").

The court's order indicates that the mother testified to monthly expenses for the total number of unsupported months, but the trial court ordered Ross to pay 60 percent of the retroactive amount rather than his actual pro rata share of 52.53 percent as calculated according to the guidelines. While the trial court could have deviated for some reason that is not articulated in the order, the trial court failed to indicate such rationale in the order.[10] Accordingly, we vacate as to the amount of retroactive child support and remand for further proceedings consistent with this opinion.

6. Finally, Ross contends that the trial court erred by awarding attorney fees without including necessary findings of fact or citing the applicable Code section pursuant to which the court awarded the fees. We agree. Although the trial court noted some behavior upon which it was ordering attorney fees, it failed to cite any statutory authority therefore or to indicate whether the behavior noted constituted that for which attorney fees could be awarded.[11] Accordingly, we vacate as to the amount of attorney fees and remand for further proceedings consistent with this opinion.

---

[10] See, e.g., *Medley v. Mosley*, 334 Ga. App. 589, 594 (3) (780 SE2d 31) (2015), citing *Smith v. Carter*, 305 Ga. App. 479 (699 SE2d 796) (2010).

[11] See, e.g., *Gilchrist v. Gilchrist*, 287 Ga. App. 133, 134 (1) (650 SE2d 795) (2007) (explaining that lack of a hearing transcript does not circumvent the need for the trial court to make findings of fact and cite appropriate law when ordering attorney fees); *Bailey v. McNealy*, 277 Ga. App. 848, 849 (1) (627 SE2d 893) (2006).

*Judgment affirmed in part, vacated in part, and remanded with direction.*

*McFadden, C. J., and Hodges, J., concur.*