**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

August 3, 2023

# In the Court of Appeals of Georgia

A23A0831. SCHATTE v. McGEE.

LAND, Judge.

Clinton McGee filed a petition to legitimate his child born out of wedlock. Carmen Schatte, the child's mother, objected to the legitimation, but filed a counterclaim for child support. After a hearing, the trial court granted the legitimation petition, entered a parenting plan, and ordered payment of child support. Schatte appeals this ruling arguing that the trial court failed to undertake the requisite inquiry and that she was given insufficient notice of the final legitimation hearing. For reasons that follow, we affirm.

On appeal from a legitimation ruling, we accept the trial court's factual findings if there is any evidence to support them. See *Mathenia v. Brumbelow*, 308 Ga. 714, 715 (1) (843 SE2d 582) (2020). In so doing, we give due regard to the trial

court's opportunity to judge witness credibility. See id. Although we generally limit our consideration to those facts found by the superior court and supported by the evidence, we may take notice of undisputed facts so long as we do not "make alternative findings of fact that are contrary to those explicitly or implicitly made by the trial court where other evidence exists that supports the trial court's findings." (Punctuation omitted). Id. at 716 n. 3. We will not interfere with the trial court's ruling absent an abuse of discretion. See id.

Viewed in this manner, the evidence presented at the legitimation hearing shows that McGee had an extramarital relationship with Schatte that lasted over a year. The relationship ended acrimoniously when Schatte was five months pregnant. McGee nonetheless either gave or paid Schatte over $2,000 to pay for medical bills, and he paid for a doula hired by Schatte to help during delivery. Following the child's birth, McGee gave Schatte $500.00. Schatte allowed McGee to have two supervised visits with the child.

After Schatte sought payment of child support, McGee filed a petition to legitimate the child. At that time, the baby was four months old. In his petition, McGee requested a paternity test; a subsequent test confirmed McGee as the father of the child. Schatte responded to the petition, requesting that McGee's legitimation

request be denied as contrary to the best interest of the child. In the alternative, she requested that McGee's request for custody and visitation be denied and that McGee be ordered to provide child support.

The trial court conducted a hearing during which McGee, his wife, Schatte, and Schatte's parents testified. McGee testified, among other things, that he had obtained a crib, a car seat, and other supplies to care for an infant, and he said that he wanted to have a relationship with his child. After hearing evidence, the trial court acknowledged on the record that McGee had acted dishonorably toward Schatte, but said that the legitimation proceeding was not the forum to redress Schatte's personal grievances toward him. The trial court stated that "[t]he focus of a legitimation proceeding . . . is on the child, and what is in the best interest of the child." The trial court recognized that denial of the legitimation petition would "deny [McGee] the opportunity of ever even exercising his parental rights toward that child." Because the trial court found that the evidence presented did not call into question McGee's ability as a parent, the trial court granted the legitimation petition, finding that legitimation was in the child's best interest.

The trial court directed the parties to talk amongst themselves to see if they could reach an agreement on child support and a parenting plan. The parties agreed

on child support, but did not entirely agree on parenting time. The court then asked if the parties were "going to submit competing parenting plans[.]" Schatte responded that she was willing to use the plan tendered by McGee, but that she wanted the trial court to modify McGee's plan to address her concerns. The trial court then took additional testimony: McGee sought joint legal custody and graduated, unsupervised visitation with the child, while Schatte sought sole legal custody and limited, supervised visitation.

At the end of the hearing, the trial court announced that it was willing to make some modifications to McGee's parenting plan to address Schatte's concerns, but that it was not going "line by line" to modify the plan. The trial court again asked Schatte if she wanted to submit a competing plan. Although Schatte said she had a temporary plan, the trial court responded it was "not inclined to just do a temporary plan[,]" which would require the parties to return to court. The trial court indicated that it was amenable to starting with supervised visitation before shifting to unsupervised visitation, noting that McGee – who had already raised three children – was qualified to care for the child.

Thereafter, the trial court entered an order legitimating the child. The order indicated that the parties had "reached an agreement on all issues of custody,

4

visitation, control, and support[,]" and it incorporated the parenting plan and child support addendum. Schatte appeals this ruling, arguing that: (1) the trial court failed to consider whether McGee abandoned his opportunity interest to develop a relationship with the child; (2) McGee abandoned his opportunity interest; and (3) the trial court erred in making a permanent custody and visitation determination without providing notice and a hearing.

1. When ruling on a legitimation petition, a trial court must first determine whether the biological father has abandoned his opportunity interest to develop or maintain a relationship with the child. *Westbrook v. Eidys*, 356 Ga. App. 619, 622 (1) (848 SE2d 660) (2020). "Factors which may support a finding of abandonment include, without limitation, a biological father's inaction during pregnancy and at birth, a delay in filing a legitimation petition, and a lack of contact with the child." (Citation and punctuation omitted.) Id. If the trial court concludes that the biological father has not abandoned this opportunity interest, the trial court must determine whether legitimation is in the best interest of the child. See OCGA § 19-7-22 (d) (1) (providing, in part, that "the court may issue an order declaring the biological father's relationship with the child to be legitimate, provided that such order is in the best interests of the child[.]") Furthermore,

[t]he judge hearing the issue of custody shall make a determination of custody of a child and such matter shall not be decided by a jury. . . . The duty of the judge in all such cases shall be to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly.

OCGA § 19-9-3 (a) (2).

According to Schatte, the trial court erroneously considered whether legitimation was in the best interest of the child without first considering whether McGee abandoned his opportunity interest. In a related claim of error, she asserts that McGee abandoned his opportunity interest.

The trial court's legitimation order is silent as to the trial court's reasoning in granting the legitimation petition. Had Schatte filed a timely request for findings of fact and conclusions of law, the trial court would have been required to provide them. See *Sadler v. Rigsby*, 338 Ga. App. 549, 551 (1) (790 SE2d 639) (2016) (holding that OCGA § 9-11-52 applies "to contested family law matters including child custody cases); see also *Durden v. Anderson*, 338 Ga. App. 565, 566 (1) (790 SE2d 818) (2016) (applying OCGA § 9-11-52 in a legitimation matter). But where, as here, Schatte did not make such a request, she has waived the right to complain of the lack

6

of such findings of fact and conclusions of law on appeal. See id; see also *Carden v. Warren*, 269 Ga. App. 275, 276-277 (1) (b) (603 SE2d 769) (2004).

On appeal from a legitimation, we determine if any evidence supports the trial court's factual findings regardless of whether those findings are explicit or implicit. See *Durden*, 338 Ga. App. at 565-567 (affirming legitimation ruling notwithstanding lack of written findings of fact); *Mathenia*, 308 Ga. 716 n. 3 (in legitimation proceeding, the appellate court is bound by trial court's factual findings whether explicit or implicit). Here, the evidence supports the trial court's implicit finding that McGee did not abandon his opportunity interest. McGee gave Schatte financial support during her pregnancy and paid for medical expenses including a doula. He had two visits with the child notwithstanding his strained relationship with Schatte. And McGee filed the legitimation petition when the child was only four months old. Under these circumstances, it cannot be said that the trial court abused its discretion in granting the legitimation petition. See *Durden*, 338 Ga. App. at 566-567 (1) (finding no abuse of discretion in legitimating child where father spent time with child in infancy, followed the child's health condition, purchased items for child, and wanted to spend time with the child); *Carden*, 269 Ga. App. at 276-277 (1) (a)

7

(finding no abuse of discretion where biological father provided financial support, gifts and cards, and filed a legitimation petition).

Schatte argues that certain comments made by the trial court during the hearing show the trial court applied the wrong standard. Specifically, she points to the trial court's statements that it was focusing on the needs of the child, analogizing the denial of a legitimation petition to a termination of parental rights case, and discussing that McGee had been a good father to his other three children. She suggests that the trial court was first required to discuss on the record whether McGee had abandoned his opportunity interest. But Schatte never argued that McGee had abandoned his opportunity interest. Her sole objection to McGee's petition was that legitimation was not in the child's best interest. Under these circumstances, we will not assume that the trial court misapprehended the law simply because the trial court addressed the arguments as framed by Schatte.

2. Schatte also contends that the trial court "erred in making a permanent custody and visitation determination despite a lack of notice and/or hearing." She points to a May 24, 2022, rule nisi scheduling a *temporary* hearing, and she claims

8

she was unaware the hearing would be final.[1] According to Schatte, the lack of adequate notice violates due process. Schatte's argument lacks merit.

The fundamental requirements of due process include notice and an opportunity to be heard. See *Murray v. Hooks*, 313 Ga. App. 485, 485 (722 SE2d 82) (2011). Here, it is undisputed that Schatte had notice of the legitimation proceeding; she appeared at the legitimation proceeding. Compare *Threatt v. Threatt*, 360 Ga. App. 223 (860 SE2d 883) (2021) (due process required trial court to set aside order where litigant failed to appear for hearing due to inadequate notice). Schatte also was afforded the opportunity to be heard as she both testified at the hearing and called witnesses. Under these circumstances, we find no due process violation. See id. ("Due process is flexible and calls for such procedural protections as the particular situation demands. Additionally, due process does not provide an individual the right to have all arguments considered at a particular hearing.") (citations and punctuation omitted).

---

[1] The record contains only one rule nisi, which was for a July 14, 2022, temporary hearing. It appears that this hearing took place, although there is no transcript. According to McGee, during the July hearing, the trial court scheduled the final hearing for September 15, 2022. The fact that Schatte appeared with witnesses at the September hearing shows she was aware of that hearing.

Furthermore, Schatte never argued below that she lacked adequate notice. Rather, she participated in the hearing. And a party who acquiesces to the trial of an issue cannot subsequently complain of inadequate notice. See *Cousin v. Tubbs*, 353 Ga. App. 873, 877 (2) (840 SE2d 85) (2020).

> [N]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. [She] must stand [her] ground. Acquiescence deprives [her] of the right to complain further.

(Footnotes and punctuation omitted). Id. For these reasons, Schatte's argument regarding insufficient notice lacks merit.

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*